■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID HUFF, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of assault in the third degree and sentencing him to the New York City Penitentiary, from each and every intermediate order therein made, and from said sentence. Judgment reversed on the law and a new trial ordered. The findings of fact are affirmed. The issue at the trial was whether appellant and another, knowing the complainant to be a police officer, had assaulted him while he was making an arrest in civilian clothes. It was improper for the prosecution to interrogate the complainant as to whether he knew appellant " on a social basis." This impropriety was further aggravated by the court recalling complainant, who testified that while in uniform he had seen and spoken to appellant on " Many, many occasions " over a period of five to six years. The assigned purpose of recalling the complainant was to clarify the question as to whether appellant knew the complainant as a policeman. There was ample evidence without the recall testimony that everyone involved knew the complainant as a policeman. Its purpose, which might have been innocent, might also have conveyed to the jury that appellant had a criminal record — a fact that should not have been made known to the jury, as appellant did not take the stand and, therefore his character was not in issue. (*People* v. *Mullens,* 292 N. Y. 408, 418; *People* v. *Zackowitz,* 254 N. Y. 192.) No separate appeal lies from the intermediate orders, including the order denying appellant's motion to amend the minutes of the trial, or from the sentence, which have been reviewed on the appeal from the judgment of conviction. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISADORE KAGANOVICH, Appellant, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— Appeal from an order dismissing a writ of habeas corpus and remanding the appellant to the custody of the Warden of Sing Sing State Prison. The writ was dismissed on the ground that the judgment of conviction, including the sentence imposed, impugned by the petition, had been unanimously affirmed by this court. Order unanimously affirmed (*People* v. *Kaganovitch,* 1 A D 2d 680; see, also, *People* v. *Kaganovitch,* N. Y. L. J., May 14, 1957, p. 8, col. 5, dismissing appeal from order denying, *inter alia,* a motion in nature of *coram nobis* to vacate the judgment of conviction and for resentence). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.