preme Court, Queens County, rendered November 6, 1975, convicting him of attempted manslaughter in the second degree, upon his guilty plea, and imposing sentence. The appeal also brings up for review defendant's apparently undisposed of motion to dismiss the indictment for failure to confer a speedy trial. Motion denied and judgment affirmed. By motion made to the Criminal Term, not disposed of prior to defendant's plea taking and not withdrawn by him at that proceeding, as well as on appeal, defendant asserts identical claims of the denial by the People of his right to a speedy trial. After assessing his arguments in accordance with the criteria set forth in *Barker v Wingo* (407 US 514) and *People v Taranovich* (37 NY2d 442), and reviewing the minutes of the court proceedings, which show that most of the adjournments were on consent of, or were requested by defendant, or were occasioned by the absence of his attorney, we are of the opinion that defendant's rights were not violated in this respect (see *People v Adams,* 38 NY2d 605). Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ZANGRILLO, Defendant, and STUYVESANT INSURANCE COMPANY, Appellant.— Appeal by the surety of a defendant in a criminal case from an order of the Supreme Court, Queens County, dated March 12, 1976, which denied the surety's motion to remit the forfeiture of defendant's bail and vacate the judgment entered thereon. Order reversed, on the law, and motion granted. The surety's motion was denied by the Criminal Term on the ground that the motion was made "after one year from the forfeiture of bail on either June 24, 1974, or October 28, 1974, the latter forfeiture date being conceded by both parties to be void." In our view, the Criminal Term erred in denying the surety's motion. In view of the fact that the order of forfeiture dated October 29, 1975, effective *nunc pro tunc* as of October 28, 1974, and the judgment entered on October 30, 1975 were void, and the People so concede, the surety's motion was "not subject to the time limitation applicable to a motion for remission of the forfeiture" (see *People v Wirtschafter [National Sur. Corp.],* 305 NY 515, 519). Nor is the time limitation contained in CPL 540.30 (subd 2) applicable to the surety's motion for remission of the order of forfeiture dated June 24, 1974. The record clearly indicates that the bail forfeiture of June 24, 1974 was vacated pursuant to defendant's *pro se* motion which was made on July 24, 1974. Accordingly, the surety's motion should have been granted *(People v Maldonado,* 49 Misc 2d 641, affd 31 AD2d 717). Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY ZARATSIAN, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 5, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Latham, Hawkins and Mollen, JJ., concur.

# THIRD DEPARTMENT, FEBRUARY, 1977

## (February 2, 1977)

◼ In the Matter of ARMAND R. RICCIO, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Respondent was admitted to the Bar by this court on October 18, 1954. Petitioner moves to confirm in part

and to disaffirm in part the reports of the Referee to whom the issues were referred. Respondent opposes the motions and requests that findings favorable to him be confirmed and that those unfavorable be disaffirmed. The original petition sets forth 18 charges of professional misconduct. Three of the charges were subsequently withdrawn by the petitioner. The Referee found that respondent failed to pay the hospital, ambulance and medical bills of his client out of moneys which he retained for that purpose and sustained Charge III. This finding is supported by the evidence and should be confirmed. In mitigation, however, the Referee noted that the bills were subsequently paid by respondent and that his client suffered no monetary loss as the result of the misconduct. The Referee refused to sustain any of the remaining charges. We agree with his refusal to sustain the following charges: neglect of claim arising out of the shooting death of client's son (Charge I); neglect of a personal injury matter (Charge V); failure to keep adequate records with respect to receipts and disbursements of clients' funds (Charge VI); neglect of matter involving attempt to secure his client's discharge from probation (Charge IX); failure to repay moneys which he borrowed (Charges XII and XV); neglect of matrimonial matter (Charge XIII); and giving inconsistent and evasive testimony at a preliminary hearing at petitioner's offices (Charge XVI). We also agree with the Referee's refusal to find that respondent's actions in obtaining adjournments in a pending criminal matter for the purpose of substantiating his accusations concerning subversion of evidence and misstatements made by a prosecution witness, which accusations respondent was subsequently unable to prove (Charge XVII), constituted misconduct since it appears from the record that respondent's accusations were made in good faith and were based upon information given to him by others, including a local newsman. However, we do not agree with the Referee's refusal to sustain the following charges and we find that the record supports a finding of misconduct in each instance: failure to repay sum of $2,000 to client as promised and failure to respond to inquiries concerning repayment (Charge I), although we note in mitigation that respondent subsequently repaid the sum plus an additional $100 in interest; neglect of an action for divorce which resulted in dismissal of the action (Charge IV), although we note that respondent subsequently commenced a new action on behalf of his client; failure to pay bill in the amount of $100 for medical services rendered his client after he voluntarily promised to do so (Charge VII); failure to satisfy judgment in the sum of $500 which a former client obtained for recovery of the retainer paid respondent (Charge IX); neglect of an action for divorce (Charge X), although we note that an action was timely commenced by respondent and that his client subsequently retained other counsel to represent him; neglect of a personal injury matter and an action for divorce and failure to respond to inquiries concerning the status of the matters (Charge XIV), although we note that the personal injury action was timely commenced by respondent and is now being prosecuted by other counsel and that respondent did subsequently obtain an uncontested divorce on behalf of his client; and failure to co-operate with petitioner's Committee on Grievances concerning numerous complaints filed with petitioner (Charge XVIII). The first supplemental petition contains five charges of misconduct. The Referee found that respondent neglected a personal injury claim (Charge III). This finding is supported by the evidence and should be confirmed. In mitigation, the Referee noted that the claim was not a substantial one and that his client was primarily concerned with payment of her medical bills which respondent subsequently paid. The Referee refused to sustain any of the other

charges and we agree with him as to the following: failure to pay client the balance due of the settlement of her personal injury action, ignoring requests for payment and conversion (Charge I); neglect of matrimonial matter (Charge II); and neglect of proceeding for the withdrawal of proceeds of an infant settlement (Charge IV). However, we do not agree with the Referee's refusal to sustain the charge that respondent failed to co-operate with petitioner's Committee on Grievances in its investigation of four complaints against him (Charge V), and we find that the record supports a finding of misconduct in this respect. The second supplemental petition also contains five charges. The Referee found that respondent neglected two personal injury actions (Charges III and V), which findings are supported by the evidence and should be confirmed. The Referee noted in mitigation as to Charge III that respondent had paid his client the sum of $3,400 as against his possible liability in the event the attempt to vacate the order dismissing her claim proved unsuccessful, and that such order had thereafter been vacated upon motion of the attorneys substituted for respondent. As to Charge V, the Referee noted that the matter is now being prosecuted by a firm substituted for respondent and that it does not appear that his client has suffered any financial loss by reason of respondent's neglect. We also agree with the Referee's refusal to sustain the charge that respondent neglected the prosecution of an appeal in a criminal case (Charge II). However, we do not agree with his refusal to sustain the charges that respondent failed to co-operate with the investigation of five complaints concerning his professional conduct (Charge I) and that he failed to repay moneys borrowed from a client (Charge IV), and we find that the record supports a finding of misconduct in each instance. In determining the measure of discipline to be imposed upon respondent for his misconduct, we have given due consideration to the mitigating circumstances previously mentioned. In addition, we note that respondent has had a history of recurrent and progressive coronary artery disease which ultimately required open heart surgery in June of 1976, and that his failure to co-operate with petitioner's Committee on Grievances may be attributed, at least in part, to his physical condition at the times in question. Under all circumstances, we conclude that respondent should be suspended from the practice of law for a period of six months and thereafter until the further order of the court. Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.