(April 18, 1980)

■ In the Matter of ARMAND R. RICCIO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar by this court on October 18, 1954. In a prior disciplinary proceeding, he was suspended from practice for six months, effective April 1, 1977 *(Matter of Riccio,* 56 AD2d 668). He applied for reinstatement in March, 1978. Petitioner opposed the application and it was held in abeyance pending investigation of additional inquiries involving respondent's professional conduct. This investigation ultimately resulted in the commencement in April, 1979 of the proceeding which is

presently before us. In this proceeding, petitioner moves to confirm in part and to disaffirm in part the report of the Hearing Judge to whom the issues were referred. Respondent cross-moves to confirm the findings favorable to him and to disaffirm those which are unfavorable. With respect to three charges on which the Hearing Judge made no findings, petitioner submits that the evidence produced at the hearing sustains the charges and requests that we so find. Respondent urges that these charges should be dismissed for failure of proof. In addition, respondent moves for reinstatement pursuant to his pending application for such relief. The petition contains six charges of misconduct. The Hearing Judge made findings with respect to Charges Nos. 1, 2 and 5. Charge No. 1 alleges that respondent failed to repay moneys borrowed from a client. The Hearing Judge refused to sustain this charge, finding that the lender was not a client at the time of the loans. Petitioner urges that since the lender was a former client, the relationship of trust and fair dealing survived the termination of the actual attorney-client relationship and respondent was guilty of misconduct when he failed to repay the moneys which he borrowed. We find, however, that an attorney's failure to repay moneys borrowed from a former client is not professional misconduct unless the moneys were obtained as the result of overreaching or manipulation of the former relationship. Here there is no evidence of any such impropriety. Accordingly, we confirm the Hearing Judge's conclusion that respondent's failure to repay moneys borrowed from a former client does not constitute professional misconduct. However, misconduct was found by reason of the fact that respondent sought and obtained a second loan from his former client by stating or representing to him prior to, or at the time of the loan, that the loans would be repaid from a substantial legal fee which he expected to receive shortly from a case in litigation. This finding rests upon the lender's testimony as to when the statements or representations were made by respondent. However, his testimony is in hopeless conflict. At different times he testified that the statements were made prior to, at the time of, and after the second loan. Under the circumstances, we are unable to accept the Hearing Judge's finding that respondent was guilty of misconduct in this matter. Charge No. 3 also alleges that respondent failed to repay moneys borrowed from a client. The Hearing Judge refused to sustain this charge, finding that the lender was not a client at the times the loans were made. We agree and confirm the report as to this charge. Charge No. 5 alleges neglect of a legal matter. The Hearing Judge sustained the charge, finding that respondent failed to interpose an answer to a complaint served upon his clients, the Elys, by a contractor for work performed in their home or to thereafter commence proceedings against the contractor after Mr. Ely was served with an income execution. Respondent has maintained throughout this proceeding that he advised his clients that he could not prepare an answer to the complaint or commence an action against the contractor unless they furnished him with an expert's evaluation of the contractor's work which they claimed was unsatisfactory. Mrs. Ely has steadfastly denied that respondent, at any time, instructed either her or her husband to obtain an appraisal of the work performed by the contractor. In sustaining the charge of neglect, the hearing officer credited Mrs. Ely's testimony. While this issue is close, we are unable to reach a contrary result. Accordingly, we confirm the report as to this charge. We now consider the three charges as to which the Hearing Judge made no findings. Petitioner, relying on admissions in respondent's answer to the petition and four exhibits containing admissions against interest, did not offer the testimony of any witnesses at the hearing with respect to the following charges: failure to

repay moneys borrowed from a client (Charge No. 2), failure to withdraw from employment when his physical condition rendered it unreasonably difficult for him to effectively carry out such employment (Charge No. 4) and neglect of a legal matter (Charge No. 6). Respondent opposed petitioner's attempt to submit on the pleadings with respect to these charges on the ground that this would be contrary to the court's order of July 11, 1979 referring the issues raised by the pleadings to the Hearing Judge to take testimony and report, especially since the order was made after petitioner sought a declaration that a reference was unnecessary because no substantial issues of fact were raised by the pleadings. As already noted, the Hearing Judge made no findings with respect to these charges, concluding that the matter of submission on the pleadings is properly an issue for determination by the Appellate Division. Petitioner urges that the evidence produced at the hearing is sufficient to sustain the charges. Respondent submits that the charges should be dismissed for failure of proof. The order referring this proceeding to the Hearing Judge did not require petitioner to call witnesses to testify in support of each charge in the petition nor did it preclude petitioner from submitting on the pleadings if it so chose. Respondent was advised prior to the hearing of petitioner's intention not to present witnesses with respect to Charges Nos. 2, 4 and 6. If respondent wished to call witnesses on these charges, he could have done so. We now turn to the charges. Charge No. 2 alleges that respondent failed to repay moneys borrowed from a client, one Peter Cacchillo. In his answer, respondent admitted that he failed to repay the loans but denied that Mr. Cacchillo was a client at the time of the loans. In this regard, respondent states in his answer that although he initially indicated in his response of December 4, 1976 to the inquiry filed with petitioner that he was representing Peter Cacchillo at the time of both loans, he now has reason to believe that the matter which he was handling for Mr. Cacchillo was concluded before the first loan and that a second matter was undertaken after the second loan. The first loan was made on July 24, 1974, the second on August 1, 1974. At the hearing in this proceeding, petitioner offered two prior admissions against interest made by respondent in support of this charge. The first admission is contained in respondent's reply of December 4, 1976 to the inquiry of the Cacchillos wherein respondent stated that the $1,000 fee paid to him by the Cacchillos on July 8, 1974 was for legal services provided to Mr. Cacchillo, which services extended through September 10, 1975. The second admission is contained in the minutes of a preliminary hearing held on April 7, 1978. There respondent stated that he was handling some matters for Mr. Cacchillo at the time that the Cacchillos offered to make the first loan. Respondent did not offer any evidence at the hearing in this proceeding to support the explanation contained in his answer to the petition or to refute the admissions against interest relied upon by petitioner. Under the circumstances, we find, based upon respondent's prior admissions, that Cacchillo was a client at the time of the loans. Accordingly, we sustain the charge that respondent failed to repay moneys borrowed from a client. Charge No. 4 accuses respondent of failure to withdraw from employment when his physical condition rendered it unreasonably difficult for him to effectively carry out the employment in violation of DR 2-110 (B) (3). The petition alleges and respondent admits in his answer that he was retained to perfect the appeal in a criminal matter, that he filed a notice of appeal on March 8, 1976, that he was furnished with a copy of the trial transcript on April 7, 1976, that he became physically incapable of continuing with the appeal in May, 1976 and that new counsel was substituted in

March, 1977. In his answer respondent states that he became physically incapable of continuing work on the appeal because he required open heart surgery which was performed June 14, 1976, that he thereafter returned to work in September, 1976 and attempted to complete the appeal but was unable to do so because of the numerous matters which had piled up during his absence. While respondent denies in his answer that the mother of the defendant, who had been released on bail pending appeal, requested that he perfect her son's appeal, in his affidavit of March 20, 1978 in reply to petitioner's affidavit in opposition to the petition for reinstatement, he admitted that there was an inordinate delay in the perfection of the appeal caused primarily by his illness and that he told defendant's mother on various occasions that the appeal would be perfected shortly. Based upon the admissions in respondent's answer and his prior admission in his reply affidavit of March 20, 1978, we sustain the charge that respondent failed to withdraw from employment in violation of DR 2-110 (B) (3). Finally, based upon the admissions in respondent's answer, we sustain Charge No. 6 which accuses respondent of neglect of his client's claim for damages arising out of an auto accident. Only the question of punishment remains. Since the respondent's suspension of April 1, 1977 for a period of six months has continued in effect for an additional period of two and one-half years, we consider this additional period of suspension adequate punishment for respondent's present misconduct which occurred prior to April 1, 1977. Under all the circumstances, we determine that respondent has been sufficiently punished for the four charges of misconduct sustained in this proceeding. Accordingly, respondent's application for reinstatement is referred, pursuant to section 806.11 of the Rules of Practice (22 NYCRR 806.11), to the Committee on Character and Fitness for the Fourth Judicial District for investigation and report on the character and general fitness of respondent to resume the practice of law. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.