■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO E. SCHELLING, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered November 30, 1981, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree. In the early morning hours of November 30, 1980, defendant Leo E. Schelling, Edward Bonesteel and Randy O'Neill, a 14-year-old minor, were out hunting for deer in Otsego County. They were traveling in an automobile owned and driven by Bonesteel when, after several unsuccessful attempts to kill a deer, they observed a deer hanging from a tree in the yard of Henry Burton, in Schenevus, New York. They stopped, cut the deer down, placed it in their vehicle and drove away. Their activity had been witnessed by Burton's brother who reported it to Henry. A chase ensued and eventually, during the chase, Randy O'Neill fired three shotgun blasts from the rear of the Bonesteel vehicle resulting in damage to the pursuing vehicle of Henry Burton. A town constable joined in the pursuit and the fleeing vehicle was apprehended. The two adults were subsequently indicted for reckless endangerment in the first degree (Penal Law, § 120.25). The minor was apparently charged and treated as a juvenile delinquent. Defendant Leo Schelling was arraigned in the Otsego County Court on January 14, 1981, represented by retained counsel. Thereafter, in April, 1981 defendant moved for assignment of counsel who was assigned on May 4, 1981 by the County Court. On June 25, 1981, the new counsel moved for certain pretrial omnibus-type relief. This motion was denied on the ground defendant gave no reason for the delay beyond the 45-day period (CPL 255.20). Defendant was tried in October of 1981 before a jury and convicted of the crime charged. This appeal ensued. There must be a reversal. Defendant's contention that he did not receive the effective assistance of counsel has merit. The cumulative errors on essential points of the defense committed by defendant's trial counsel require this result (*People v Droz*, 39 NY2d 457; see, also, *People v Baldi*, 54 NY2d 137). On cross-examination, in almost every instance, counsel unnecessarily developed more adverse information than positive, some of it very damaging to defendant. With three witnesses, he drew out in much greater detail than the prosecution how much defendant had been drinking. He brought out in explicit detail from Randy

O'Neill in what way it was possible for defendant to pass the shotgun back to him from the front seat. He drew out from witness Chandler the additional damaging information that defendant had admitted to placing the shotgun and shells in the back seat. He brought before the jury the harmful fact that Edward Bonesteel, the driver, had pleaded guilty to reckless endangerment and received a year in jail for that crime. The evidence implicating Bonesteel in the shooting was significantly less than that against defendant. This militated against defendant's cause. Moreover, defense counsel neglected to raise and develop the obvious defense that Randy O'Neill acted on his own. Finally, his summation was brief and confusing. Defense counsel failed to at least marshal those facts (such as that defendant's direction to O'Neill was to shoot at the tires *only*) which would tend to demonstrate defendant did not act with the depraved indifference to human life necessary to sustain a conviction of reckless endangerment in the first degree as opposed to the conduct necessary to establish the lesser charge of reckless endangerment in the second degree. We have considered the other points for reversal raised on this appeal by defendant and find them without merit. Judgment reversed, on the law, and matter remitted for a new trial. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.