■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PETERSON, Appellant. — Judgment reversed, on the law and facts, and a new trial granted. Memorandum: On appeal from a judgment of conviction for burglary, second degree, defendant argues that he was deprived of the effective assistance of counsel. The proof included testimony by the complaining witness that early one morning she discovered defendant standing in the upstairs hallway of her home and that after she screamed, he walked out of the house without taking anything. The defense depended entirely on the credibility of defendant's testimony that on the night in question he had been drinking and taking drugs and had walked in the front door and up the stairs of complainant's home by mistake, thinking that it was his mother's house, which was located two blocks away. On the total record and based upon the following omissions and errors we find "cumulative errors * * * on basic points essential to the defense" (*People v Droz*, 39 NY2d 457, 462) and conclude that defendant was not "provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147): (1) Despite the fact that the defense depended entirely on defendant's testimony, defense counsel failed to make a *Sandoval* motion to limit the scope of cross-examination of defendant with respect to prior convictions (which included one burglary [the circumstances of which do not appear], one assault, one attempted rape, and possession of stolen property, criminal trespass and

petit larceny arising out of incidents when defendant committed crimes by reaching from the outside through windows); (2) Defense counsel failed to object to the improper implication in the prosecutor's cross-examination and the improper and prejudicial assertions in summation to the effect that the prior crimes all involved entries into houses or buildings when there was no showing that they did so; and counsel further failed to object to the prosecutor's use of the prior crimes for the purpose of bearing not only on defendant's credibility as a witness but to show that "one who has sinned before has sinned again and is guilty of the crime charged" (*People v Carmack,* 52 AD2d 264, 266, affd 44 NY2d 706). On summation the prosecutor stated without objection: "[Defendant] tells you he was confused. That he was at the wrong house. He also told you that many times, at least four times in the past, he has entered buildings and/or dwellings which were not his own * * * and that he did that intentionally * * * But he wants you to believe now that this was an innocent mistake. He was confused"; (3) There was no objection and no motion for a mistrial when the prosecutor, after reiterating that the defendant had been convicted of attempted rape, first degree, stated on summation that it was "reasonable to infer [that defendant] intended to commit some kind of sexual crime" although there was no evidence to support such an inference; (4) Although the complaining witness had made a photographic identification, defense counsel did not move for a *Wade* hearing; and (5) There were other flaws in the representation including an ineffective summation. We can envision no plausible defense strategy (*People v Lane,* 60 NY2d 748; *People v Baldi, supra*) which would explain these errors and omissions, particularly the failure to request a *Sandoval* ruling where the defense depended on defendant's credibility, the failure to object to the use of the prior crimes for the improper purpose of showing defendant's propensity to commit the crime in question, and the failure to object to the uncalled-for suggestion on summation that defendant intended to commit a sexual crime. All concur, except Moule, J., who dissents and votes to affirm, in the following memorandum.

Moule, J. (dissenting). In *People v Lane* (60 NY2d 748, 750), the Court of Appeals reaffirmed its directive that "when reviewing claimed ineffective assistance of counsel, care should be taken 'to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis'." (Quoting *People v Baldi,* 54 NY2d 137, 146.) "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met". (*People v Baldi, supra,* at p 147.) The majority in its detailed evaluation of losing defense tactics has utilized the "retrospective analysis" which the Court of Appeals has asked us to avoid. Given the asserted defense of mistaken presence in the victim's home, defendant's strategy to take the stand and admit his prior crimes does not constitute inadequate representation. (See *People v Rose,* 57 NY2d 837.) Under these circumstances, the alleged error in the defense summation and the failure to move for a *Wade* hearing also do not bear out the claim that defendant was deprived of meaningful representation (*People v Jones,* 55 NY2d 771). The majority does not claim that the prosecutor's cross-examination and summation deprived defendant of a fair trial but only that defense counsel's failure to object was ineffective assistance. Since under all the circumstances of this case, the entire court does not find it appropriate to address these errors in the interest of justice, we should not indirectly require a new trial when it is not otherwise necessary. Reviewing the record without the benefit of knowing what was in defense counsel's mind, we cannot conclude that his representation was inadequate (*People v Jones, supra,* at p 773). (Appeal from judgment of Niagara

County Court, DiFlorio, J. — burglary, second degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.