■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN RILEY, Appellant. — Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant's principal contention on appeal from ·

his conviction for the sale of drugs to an undercover police officer is that he was deprived of the effective assistance of counsel at trial. Defendant was tried twice for the same offense. After the first guilty verdict, but before sentence, County Court, upon defendant's motion, set aside the verdict pursuant to CPL 330.30 and ordered a new trial because of newly discovered evidence and the error of the court in failing to require the People to produce the confidential informant who, according to the testimony of the undercover officer, identified defendant as a drug dealer and accompanied the officer when the sale was consummated. At the posttrial hearing the informant contradicted the undercover officer's trial testimony and swore that he was not an informant in the case, did not know the defendant at the time of the sale, did not own a car and did not drive the officer to the crime scene. We affirmed (*People v Riley,* 89 AD2d 827). ¶ Thereafter, defendant was appointed new counsel and retried. Resolution of the factual issues then, as at the first trial, hinged upon the jury's assessment of the credibility of the undercover officer, the only witness who testified that defendant sold him drugs, and of the defendant, who denied the sale and claimed that he knew the officer and thus would not have sold him drugs. Upon the retrial, however, defendant's attorney did not endeavor to impeach the undercover officer with relation to discrepancies which appeared in the record concerning the packaging of the drugs, and he never used the record of the prior proceedings in his examination of any witness. In fact, counsel put the informant on the stand and failed to use the record of the informant's testimony at the posttrial hearing to refresh his professed lack of recall. In short, counsel demonstrated an obvious lack of pretrial preparation and a marked unfamiliarity with the earlier proceedings which set the stage for the retrial. ¶ In addition, defense counsel failed to object to testimony by the surveillance officer Lergner recounting what the undercover officer told him about the drug sale. Lergner's testimony was otherwise not damaging to defendant since he did not witness the transaction. That hearsay evidence impermissibly bolstered the undercover officer's crucial testimony. Further, on cross-examination defense counsel elicited damaging testimony from Lergner and the undercover officer that police had defendant under surveillance because he was a suspected drug dealer and that there had been prior attempts to purchase drugs from him. ¶ We conclude that because of the foregoing errors of omission and commission on the part of defense counsel defendant was not provided the "meaningful representation" which is his right (*People v Baldi,* 54 NY2d 137, 147). A review of the record in this case indicates not only that defense counsel was not adequately prepared for trial, but that he pursued an inexplicably prejudicial course in his cross-examination of the police officer witnesses which cannot be explained away as "a misguided though reasonably plausible strategy decision" (*People v Bell,* 48 NY2d 933, 935; see *People v Zaborski,* 59 NY2d 863, 864-865). The cumulative effect of these errors was such as to deprive defendant of the effective assistance of counsel. (Appeal from judgment of Monroe County Court, Cornelius, J. — criminal sale of controlled substance, third degree.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.