## (June 29, 1984)

█ In the Matter of CYRUS B. ADLER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to practice by the Appellate Division, First Department, in 1959. At the time of most of the occurrences relevant to this disciplinary proceeding, he maintained an office for the practice of law at Delhi, New York. Petitioner now moves for an order confirming in part and disaffirming in part the report of the referee. Respondent, who is currently under suspension, cross-moves to confirm the report in its entirety and for reinstatement. ¶ As a result of certain misconduct unrelated to the instant charges, respondent was suspended from the practice of law by this court on January 23, 1981 "for a period of three months and thereafter until further order of the court." (*Matter of Adler,* 79 AD2d 741, 742). Following his application for reinstatement in April, 1981, questions arose as to the propriety of a certain real estate transaction occurring in August, 1976 and involving a conveyance from Charles and Mary Tellerday to Nancy Adler, respondent's

---

**2.** We also note that the Fourth Department has failed to address the merits of this issue (see *Miller v Miller,* 98 AD2d 987).

wife. An inquiry regarding the Tellerday conveyance was conducted by petitioner, including hearings at which respondent testified, and on two occasions this court directed that additional inquiries be made by petitioner regarding the matter. In March, 1983 petitioner, in furtherance of its investigation of the Tellerday matter, requested respondent to provide extensive additional information regarding an accounting and disposition of funds received by him. By letter dated March 25, 1983 respondent provided some additional information but concluded his response by stating "as far as I'm concerned this investigation is over. I will make no more submissions nor will I testify further." On May 16, 1983 respondent again applied for reinstatement. The petition commencing the instant proceeding was filed on July 7, 1983 and, by decision dated July 12, 1983, respondent's 1981 application for reinstatement was denied and determination of his May, 1983 request for the same relief was withheld pending determination of the proceeding, which was subsequently referred to a referee for hearing. ¶ The petition contains four charges of professional misconduct. As to charge No. I, which alleges misconduct arising out of the Tellerday matter, the referee concluded petitioner failed to satisfy its burden of proof, by a fair preponderance of the evidence, that respondent engaged in improper conduct. In his answer to the petition, respondent admitted the acts specified in charge No. II, relating to the violation of an escrow agreement, and also those contained in charge No. III concerning neglect of a personal injury claim and the failure to commence an action within the time required by the Statute of Limitations. The referee sustained charge No. IV, alleging respondent's failure to cooperate with petitioner in the investigation of the Tellerday matter, but observed that in view of the extent of respondent's cooperation prior to his March 25, 1983 letter, he was guilty of only "a mild type of failure to cooperate." ¶ We agree with the referee's conclusion that petitioner failed to sustain its burden of proof as to charge No. I. We also agree with his findings and observations with regard to charge No. IV. As to the latter charge, we would reiterate the long-established principle that full and forthright cooperation with the Committee on Professional Standards is essential to the proper performance of its function and such cooperation is required of attorneys (see, e.g., *Matter of Casey,* 75 AD2d 664). ¶ In determining the appropriate sanction for respondent's misconduct as admitted in charge No. II, we note in mitigation that the escrow moneys were not deposited in an appropriate escrow account because of respondent's concern that his former wife, who had an outstanding money judgment against him, would levy on these funds. These moneys were also under respondent's practical control and were available for payment to the owners upon demand. As to charge No. III, also admitted by respondent, we note his payment of $6,382 in satisfaction of a $7,500 malpractice judgment entered against him and another attorney. Finally, the most significant and compelling item considered in mitigation is the fact that respondent has been suspended from the practice of law from January, 1981 to date, a period of nearly three and one-half years. Although we would emphasize that respondent's misconduct is serious and is not condoned, under all of the circumstances, we conclude that he has incurred sufficient punishment and should now be reinstated (see *Matter of Riccio,* 75 AD2d 687). ¶ Petitioner's motion granted to the extent of confirming the referee's report as to charges Nos. II, III and IV, and otherwise denied; respondent's cross motion to confirm the report in its entirety and for reinstatement, granted. Order entered. Mahoney, P.J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.