◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER L. BUTTERFIELD, Appellant. — Kane, J. Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered April 27, 1984, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.

The conviction of defendant stemmed from an incident which occurred at about 10:00 P.M. on January 1, 1983 in front of a two-family, one-level dwelling, occupied on one side by defendant and his wife and in an adjoining apartment in the rear by the

---

complainant, Katherine August, and her boyfriend, Hugh Bruce.

August testified that upon arriving home on the evening in question, she observed the Butterfields standing outside their apartment. After a brief conversation with them, and while defendant entered his apartment, August walked down the driveway toward the rear of the dwelling to enter her apartment. She then heard a shot fired, turned and observed defendant pointing what later proved to be a .20 gauge shotgun in her direction. She sought cover in front of a car parked in the driveway while two more shots were fired. Bruce observed these proceedings, directed her into their quarters for protection, and both then proceeded to a neighbor's house to summon the Sheriff. Investigation resulted in obtaining, among other things, a recently fired .20 gauge pump shotgun from underneath defendant's bed in his apartment and three empty .20 gauge shotgun shells on the lawn. Investigation also revealed damage to the upper portion of a tree near the driveway, a finding consistent with damage caused by a shotgun blast.

Defendant's version of the events, as related at trial, was diametrically opposite to August's testimony. Both defendant and his wife testified that they were inside their apartment watching television when they heard three shots fired, together with banging, slamming and screaming from the rear apartment, and that they found the gun outside and brought it into the house. It should be noted that defendant's testimony contradicted in many respects statements he made to the police on the night in question.

Testifying in his own behalf, defendant denied ever having been convicted of a crime. Thereupon the People introduced in evidence two certificates of conviction from Franklin County, one dated January 23, 1974 for falsely reporting an incident and one dated February 6, 1974 for prohibited use of a weapon. Although defense counsel had been provided with arrest and disposition information regarding these charges prior to trial, no request for a *Sandoval* hearing had been made, nor were any other pretrial motions made on behalf of defendant. Since these convictions concerned (1) an incident in which defendant fired a shotgun at his car and falsely reported that someone else had done it and (2) a separate incident in which defendant fired a shotgun at a van, they were sufficiently similar to the present case to warrant their suppression if requested under *People v Sandoval* (34 NY2d 371). Additionally, although there is no direct evidence as to whether defendant fired the shots at August or merely fired them into the air, there was no request

by defendant's attorney for a charge instructing the jury on the requirements surrounding the use of circumstantial evidence.

These major errors, together with the often incomprehensible statements of defense counsel in opening and closing, require us to conclude that defendant was denied effective assistance of counsel. Viewed in the totality of the circumstances, we are unable to state that trial counsel provided meaningful representation to defendant (*People v Baldi*, 54 NY2d 137; *see, People v Schelling*, 92 AD2d 694). Defendant was prejudiced not only by the actual conduct of the trial, but by the inadequacy of the preparation for trial. Accordingly, there must be a reversal (*see, Strickland v Washington*, 466 US __, 104 S Ct 2052).

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Saratoga County for a new trial. Mahoney, P. J., Kane, Casey and Weiss, JJ.