THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK G. ALVER, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered March 17, 1983, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the instant appeal, defendant contends that his conviction must be reversed and a new trial ordered due to (1) the ineffective assistance of trial counsel and (2) the fact that both the opening statement of the prosecution and the testimony of a police officer improperly conveyed to the jury the fact that defendant had prior confrontations with the police.

We disagree with defendant's arguments.

With respect to defendant's first point, i.e., ineffective assistance of counsel, defendant initially argues that his trial counsel failed to move to dismiss the indictment on the ground that the Grand Jury proceeding was tainted due to a police officer's statement therein, to wit: "A: Yes, at that point I saw him hanging out of the truck and I knew him — he was a subject that we had problems with before".

The record indicates that (1) defense counsel did move, pursuant to CPL 210.30, to dismiss the indictment on the ground that it was not based on legally sufficient evidence and (2) this motion was denied by order dated November 18, 1982. In so ruling, the County Court effectively held that the police officer's statement did not in any way taint the evidence presented to the Grand Jury, which established a prima facie case against the defendant. In any event, the record indicates that an immediate curative instruction was given by the Assistant District Attorney to the Grand Jury to wit: "I'll have that stricken from the record and also charge the Grand Jury not to let that enter into your deliberations." Under the circumstances, defendant has not demonstrated that his counsel committed serious errors in this regard which prejudiced his defense (*Strickland v Washington,* 466 US 668, 104 S Ct 2052; *People v Baldi,* 54 NY2d 137).

As a second instance of ineffective assistance of trial counsel, defendant argues that his trial counsel should not have stipulated with the prosecution that a fingerprint impression, against which a fingerprint found at the crime scene was compared, was that of defendant. Specifically, the stipulation reads as follows:

"[PROSECUTOR]: Yes, Your Honor, it's my understanding that Mr. Egan will stipulate to the fact that when a Margaret Bokinz, technician, testifies, she will stipulate that the print used in the comparison was a known print of Patrick Alver, the defendant, and the People will stipulate that they will not at any point go into the underlying facts of how the police department came into possession of that fingerprint.

"THE COURT: Is that your understanding?

"[DEFENSE COUNSEL]: Yes, Judge.

"THE COURT: You consulted with your attorney with regards to that?

"[DEFENSE COUNSEL]: I have spoken to Mr. Alver before. And you agreed to that?

"THE DEFENDANT: Yes.

"[DEFENSE COUNSEL]: Yes, he does."

Appellate counsel argues that defendant's trial counsel should have put the People to their burden of establishing how, when and under what circumstances the comparison fingerprint was obtained. We disagree. Clearly, this stipulation, entered into by trial counsel, was a trial tactic or strategy designed to prevent the jury from discovering that defendant had been arrested before. No claim of ineffective assistance of counsel can be made out under these circumstances (*People v Baldi, supra; Strickland v Washington, supra*).

In his second point, defendant argues that it was prejudicial error to allow the prosecutor to say in his opening, and for a police officer to testify on direct, that the police officer recognized defendant when he saw him driving a truck away from the scene of the crime, i.e., a gas station. Defendant argues that (1) the prosecutor's opening statement and the police officer's direct testimony strongly suggested to the jury that defendant had frequent prior confrontations with the police, and (2) the trial court erred in denying defendant's request for a mistrial or in failing to give curative instructions. We disagree with defendant's argument. The prosecutor in his opening, and the police officer in his direct testimony, stated respectively as follows:

"[PROSECUTOR]: Police Officer Fallica chased the vehicle, and at that time during the chase, the door of the driver's side of the truck opened up, and the person who was operating it leaned out the window and appeared that he was going to jump out of the truck. At that point, Police Officer Fallica saw, recognized, Mr. Patrick Alver, who he had known from prior occasions, and he led chase * * * Again, he got a look at the person who exited the vehicle. He knew him as Patrick Alver."

"Q. What did you do at that point?

"A. "[OFFICER FALLICA]: At this point, I put my alley lights on to illuminate the woods and vehicle, and I noticed the subject exited the vehicle there and went into this wooded area.

"Q. What did you do after he went into the wooded area?

"A. I started pursuit into the wooded area, roughly about 60, 70 feet into the woods, and I lost him.

"Q. What did you do at this point?

"A. At this point, I had my portable radio with me, and I made a notification, called Unit 324 and told him to go to the address of 25 Judith Place, because I recognized the defendant as being Patrick Alver. I made the notification to 324."

The prosecutor's opening statement and the police officer's direct testimony did not specifically indicate how the police officer was able to recognize the defendant. Defendant's trial counsel moved for a mistrial, out of the presence of the jury, and, after making his motion, requested an offer of proof by the prosecutor regarding defendant's prior contact with the police officer. The prosecutor responded as follows:

"[PROSECUTOR]: Judge I have no problem with making the offer. Police Officer Fallica was a security guard in the local high school which Patrick attended, and he had seen him on numerous occasions in and about the school.

"[DEFENSE COUNSEL]: All right * * *

"[PROSECUTOR]: Judge, also, the officer can testify that he had seen Patrick in and about the neighborhood, since he's been in the area for nine years, and he has had occasion to observe him on the street."

Based on the offer of proof, the trial court denied defendant's motion for a mistrial, and instead allowed the police officer to clarify his testimony concerning his recognition of defendant. Specifically, the following testimony was thereupon adduced:

"Q. Officer Fallica, you indicated that you identified the driver of the vehicle as Patrick Alver, correct?

"A. Correct.

"Q. Prior to May 9, 1982, had you ever seen Patrick Alver before?

"A. Yes, I have.

"Q. On approximately how many occasions, if you know?

"A. Maybe roughly 40, 50 times.

"Q. Can you tell me where?

"A. Approximately about four years prior. I used to work [sic] security guard for East Islip Junior High School. While I was employed at the junior high school, I noticed Patrick in the halls many times. I've stopped him, and he identified himself with a pass, showing Patrick Alver. Plus, I've driven this car, Unit 308, about six years, so I've seen him also in the neighborhood and on the street in my travels through the sector."

Under these circumstances, no prejudicial error was committed (cf. People v Huff, 5 AD2d 795).

Finally, we have reviewed defendant's argument that his sentence was excessive and find it to be, under all of the circumstances, without merit (People v Suitte, 90 AD2d 80). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.