(June 29, 1987)

■ In the Matter of ARMAND R. RICCIO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent is an attorney admitted to practice in this department in 1954. At the time of the occurrences herein, respondent maintained an office for the practice of law in the City of Schenectady.

The petition by which this disciplinary proceeding was commenced contains 10 separate charges of professional misconduct consisting of, *inter alia,* failure to obey a directive of the court to appear for trial, neglect of several cases, failure to advise some clients and the misleading of others as to the true status of their cases, failure to register with the Office of Court Administration, failure to respond to client inquiries and failure of cooperation with petitioner Committee on Professional Standards. A hearing on the petition was held and the Referee has rendered a comprehensive and detailed report in which he has found respondent guilty of all charges except charge VIII and the first specification of charge VII. Petitioner now moves to confirm in part and disaffirm in part the report of the Referee and respondent moves for similar relief.

Charge I alleges that respondent is guilty of conduct prejudicial to the administration of justice in that he failed to appear in Justice Court on June 4, 1985 although he was

specifically advised that his client's trial would be held on that date. As a result of respondent's failure to appear, the client, a 60-year-old woman, was arrested. In his answer, respondent admits that he "completely overlooked" that part of the court's letter which specified the trial date, but claims that his failure to appear was not deliberate or willful. We agree with the Referee that although respondent may not have intended to absent himself from this required court appearance, such does not constitute a defense to the charge. It is therefore determined that respondent's conduct was prejudicial to the administration of justice in violation of the Code of Professional Responsibility DR 1-102 (A) (5).

Charge II alleges that, in violation of DR 6-101 (A) (3), respondent neglected legal matters entrusted to him by Katherine Phipps and Charles H. Phipps, Jr. As to the case of Katherine Phipps, it appears that although respondent was retained to prosecute a claim for damages arising out of injuries sustained by the plaintiff at her school, he failed to file a notice of claim or take any other action with the result that the claim is now time barred. Similarly, with respect to the case of Charles H. Phipps, Jr., respondent was retained to represent the plaintiff in a matter arising out of a fall in a shopping center parking lot. Again, respondent did little, if anything, to prosecute this claim with the result that he was subsequently discharged, the client proceeding on his own to settle the case with an insurance adjuster. It further appears that although the client supplied him with witness statements and other evidence supportive of the claim, respondent failed to provide any information requested by the insurance adjuster and also failed to answer numerous client inquiries regarding the status of the case. As found by the Referee, the evidence amply supports the charge of neglect with regard to these two cases.

Charge III also alleges neglect by respondent, this time in a divorce action wherein he represented the plaintiff wife. Following service of a summons, the defendant husband appeared in the action and demanded a complaint which was served by respondent some eight months later. The defendant then sought service of a supplemental and/or amended complaint and respondent consented to entry of a so-called 30-day order. Respondent failed to serve a further complaint and also failed to serve a reply to a counterclaim which had been interposed by defendant. A hearing was held with respect to the counterclaim which respondent did not attend. The result of respondent's inaction was that a divorce was granted against his

client by default. Although respondent promised the client he would apply to have the judgment vacated and would refund the money which she had paid him, he failed to do either. The client ultimately retained new counsel, at an additional cost to her of $1,500, and the divorce judgment was subsequently reopened. It further appears that respondent failed to keep his client apprised of the status of her case and even failed to inform her that a judgment had been taken against her, a fact she ultimately learned from her ex-husband. We reject respondent's contention that his concern for his client's emotional stability was the cause of his various defaults and failures in this matter and conclude, as did the Referee, that he is guilty of neglect as charged.

Charges IV and V allege that respondent neglected another case and also misled and deceived the client regarding the status of the case. The evidence presented indicates that respondent commenced an action for property damages on behalf of his client by service of a summons with notice. Respondent thereafter failed to serve a complaint as demanded by the defendant and also offered no opposition to a motion to dismiss which resulted in a 30-day conditional order. Respondent failed to serve a complaint within the required time period and a final order of dismissal was entered. We agree with the findings of the Referee that, contrary to respondent's contention, he had received sufficient information from his client to enable him to prepare and serve a complaint as required by the 30-day conditional order. Respondent is, therefore, guilty of neglect in this matter as alleged in charge IV. We likewise confirm the Referee's finding as to charge V that respondent misled and deceived his client in this case by telling him, in response to numerous status inquiries, that the defendant had not answered the complaint, that the case was pending before Judge Walsh or Judge Viscardi, and that the defendant had not appeared in court and the case had been won. These statements of course, were not true and respondent never informed his client that the case had in fact been dismissed due to respondent's failure to timely serve a complaint.

In charge VI it is alleged that although respondent was advised by petitioner in May 1985 and on other occasions of his obligation to file a registration statement and pay a fee as required by Judiciary Law § 468-a, he failed to comply until October 1985. Respondent does not deny the factual allegations of this charge and, therefore, the alleged violation of DR 1-102 (A) (5) is established (see, Judiciary Law § 468-a [5]).

Charge VII accuses respondent of neglect in his handling of the defense of his client, Roger L. Butterfield, with respect to certain criminal charges brought against Butterfield in Saratoga County. Specifically, it is pointed out that as a result of, *inter alia,* respondent's failure to make pretrial motions and failure to request a charge concerning the use of circumstantial evidence, Butterfield's conviction of the crime of reckless endangerment in the first degree was reversed by this court upon a finding that defendant was denied effective assistance of counsel *(People v Butterfield,* 108 AD2d 958). The charge further alleges that although respondent agreed to prosecute an appeal on Butterfield's behalf, he did nothing other than to file a notice of appeal. Specification No. 1 of this charge, alleging neglect on respondent's part arising out of his conduct of the Butterfield trial, was not sustained by the Referee and we do not find unreasonable his conclusion that this court's determination that the defendant was denied effective assistance of counsel does not necessarily establish that respondent neglected this case within the meaning of DR 6-101 (A) (3). Amply supported by the record, however, is the Referee's finding that respondent did neglect the Butterfield appeal when he failed to take any steps to prosecute the matter after collecting an additional fee from defendant's sister and after receiving money from her to procure the transcript.

Charge VIII accuses respondent of neglecting yet another matter, namely the representation of a client convicted of petit larceny in Albany City Court and, thereafter, charged with a violation of a term of probation previously imposed in Colonie Justice Court. The evidence establishes that respondent took a fee and agreed to represent the client on the probation violation charge and also on an appeal from the petit larceny conviction. Although respondent initially assured both the client and the client's wife that release on bail would be effected within three days, a bail application was not made for nearly a month, at which time it was denied. Respondent took no steps to pursue an appeal from the petit larceny conviction. Although the Referee refused to sustain a charge of neglect as to this matter, we conclude that the charge is supported by the record. The facts establish that although respondent initially made assurances that he would obtain his client's release on bail within three days, he failed for several weeks to even make a bail application. Furthermore, although respondent testified that he found no basis for an appeal from the petit larceny conviction, there is no evidence that he took even preliminary steps relative to such an appeal. Finally,

respondent was remiss in not advising his client of his apparent doubts as to the efficacy of the appeal and in leading the client to believe that he would be released on bail as a result of a successful appeal. In our opinion, the foregoing conduct constitutes neglect with respect to this case.

Respondent's guilt of charges IX and X is readily established. These charges accuse respondent of engaging in conduct both prejudicial to the administration of justice and adversely reflecting upon his fitness to practice law (DR 1-102 [A] [5], [6]) in that he failed to respond to numerous inquiries from his clients and also failed to cooperate with petitioner in its investigation of several inquiries filed against him. With regard to the former charge, the record shows that respondent's clients were generally unable to communicate with him when attempting to ascertain the status of their cases, that respondent, for the most part, would not return telephone calls or answer mail inquiries, and that, as a result of his conduct, the clients whose cases are detailed in this charge were left largely uninformed as to what was going on with the legal matters they had entrusted to respondent. As noted by the Referee: "The preponderance of the evidence clearly makes this respondent out to be one who was elusive and unavailable to these clients, unconcerned about even the civil courtesy of answering telephone calls and other messages which emanated from them, and insensitive to the emotional and psychological distress that such inaction cast upon these people who trusted him at the outset." As to the charge of failing to respond to petitioner's inquiries, respondent admits the factual allegations set forth in the charge but claims that certain psychological and emotional factors should serve to excuse this conduct. We reject such a contention.

Subsequent to service of the original petition of charges, petitioner served respondent with a supplemental petition containing two additional charges, namely, that respondent attempted to mislead and deceive petitioner with respect to an inquiry and that respondent failed to cooperate with petitioner in its investigation of eight additional inquiries. Respondent failed to answer the supplemental petition although he admitted that it was personally served upon him. His explanation for failing to submit an answer was that he was unable to read or write due to an eye infection which required medical attention. Notably, however, respondent fails to provide medical documentation which would support this excuse and also fails to explain why no action was taken with respect to the supplemental petition until the filing of petitioner's

motion for a default judgment. We, therefore, grant petitioner's motion for a default judgment and sustain the charges in the supplemental petition against respondent.

It is apparent from the number and nature of the charges found against respondent that he is guilty of serious misconduct warranting comparable discipline. Although none of the charges involves outright dishonesty or illegal behavior, we, nevertheless, find it necessary to strongly condemn respondent's repeated neglect of client affairs which has resulted in serious detriment to people who have confided in him as an attorney. What is most disturbing is an apparent pattern of behavior by which respondent willingly enters into a lawyer-client relationship and then becomes seriously dilatory and neglectful, failing in some cases even to serve routine pleadings or appear in court as required. Such misconduct is obviously compounded by respondent's continued failure to advise clients of the status of their cases, his unavailability and refusal to answer even the simplest client inquiries, and his repeated failure to cooperate with petitioner in its investigations of the numerous complaints brought against him. Such irresponsible actions, clearly constituting conduct prejudicial to the administration of justice and conduct tending to bring the legal profession into disfavor and disrepute, cannot be tolerated.

Respondent offers in mitigation the claim that he suffers from various phobias, anxieties, and other mental and emotional dysfunctions which appear to be mainly stress related. However, even if these various maladies are considered to have played some part in bringing about respondent's misconduct, we find, as did the Referee, that respondent was fully aware of what he was doing and that he freely sought to conduct himself in an irresponsible manner as set forth hereinabove.

Respondent also possesses a most unenviable disciplinary record. In 1971, he was admonished for neglect of a client's personal injury case. In 1977, this court suspended respondent for six months and until further order of the court after sustaining charges of neglect and failure to cooperate similar to those contained in the instant petitions (Matter of Riccio, 56 AD2d 668). Prior to respondent's reinstatement, a further petition of charges was brought against him and, in 1980, he was again found guilty of various counts of misconduct consisting of, inter alia, neglect of client affairs (Matter of Riccio, 75 AD2d 687). His suspension continued until September 1981 when he was reinstated. Thereafter, in 1984, he received a

letter of caution from petitioner for failing to cooperate with it in its investigation of an inquiry and in 1985, received a letter of admonition for similar misconduct.

We, therefore, conclude that in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from the practice of law for three years.

Motion by petitioner to confirm Referee's report with respect to charges I, II, III, IV, V, VI, specification No. 2 of charge VII, IX and X granted; motion to disaffirm report with respect to charge VIII granted, and this charge also found against respondent; motion for default judgment on supplemental petition of charges granted; respondent ordered suspended for a period of three years, the effective date to be fixed in the order to be entered hereon. Kane, J. P., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.