■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL RESNICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered October 30, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the People failed to disprove his justification defense beyond a reasonable doubt *(see, People v Reyes,* 116 AD2d 602, *lv denied* 67 NY2d 949). We disagree.

The People presented two witnesses who testified that the defendant attacked the decedent, Victor Serrano, with a knife, after Serrano had banged and kicked the defendant's car with his hands and feet. The defendant testified that Serrano had struck his car and attacked him with a blackjack, and he had stabbed Serrano in self-defense. Two witnesses who testified for the defendant confirmed his story that Serrano had been striking the defendant's car with a blackjack but were unable to recall any of the events surrounding Serrano's alleged attack on the defendant and the stabbing of Serrano. A review of the record indicates that the People's witnesses gave clear, detailed and consistent versions of the events which occurred, while the stories related by the defense witnesses provided no facts relevant to the defendant's claim of justification.

Given the testimony of the People's witnesses, the evidence of the defendant's guilt was overwhelming. Since there was no testimony other than the defendant's to support his claim that he acted in self-defense, the issue of justification came down to a question of credibility which the jury obviously resolved in

favor of the People. Credibility is a matter reserved primarily to the jury (see, People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133), given their ability to observe and assess, at first hand, the reliability of the witnesses (see, People v Bigelow, 106 AD2d 448). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; People v Maldonado, 121 AD2d 400, lv denied 68 NY2d 670).

It was error for the court to allow the defendant to be questioned about verbal threats he made to teachers while he was in high school. Although the trial court is allowed wide discretion in deciding these matters (see, People v Wright, 112 AD2d 179), the possible prejudicial effect of the evidence was greater than its probative value on the issue of credibility, considering that the acts about which the defendant was questioned do not evince a willingness to place one's self-interest ahead of the interests of society (see, People v Rhodes, 96 AD2d 565). However, in light of the fact that the trial court limited the extent of the examination to one question and in view of the overwhelming evidence of the defendant's guilt, the error was harmless (see, People v Crimmins, 36 NY2d 230; People v Evans, 131 AD2d 502).

In his summation the prosecutor encouraged the jury to use the defendant's admission that he had verbally abused and threatened his teachers as an indication of his propensity for violence. This was highly improper and we have consistently deplored such behavior (see, People v Peterson, 97 AD2d 967; People v Moore, 42 AD2d 268, 273). The record reveals, however, that the court offered to give prompt curative instructions which the defendant declined. Other alleged errors made by the prosecutor during summation are either not preserved for review (CPL 470.05 [2]; People v Derhi, 110 AD2d 709), or do not require reversal in light of the overwhelming evidence of the defendant's guilt (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.