THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SANFORD, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a conviction of first degree rape, defendant argues that he was denied his constitutional right to effective assistance of counsel. We agree. Defense counsel failed to make any pretrial motions. He failed to pursue defendant's *pro se* speedy trial motion even though there was a serious question whether the prosecutor's announcement of readiness for trial in a letter satisfied the People's burden of a timely announce-

ment on the record *(see, People v Brothers,* 50 NY2d 413, 416; *People v Hamilton,* 46 NY2d 932, 933). Counsel also failed to move to suppress statements defendant made to the police during interrogation, which was apparently custodial. Moreover, counsel failed to move to dismiss the indictment on the ground that the integrity of the Grand Jury was impaired by the prosecutor's improper examination of the defendant concerning the acts underlying out-of-State convictions for robbery and attempted rape *(see, People v Grafton,* 115 AD2d 952; *cf., People v Alver,* 111 AD2d 336, 337). Counsel's failure to object during the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) to the prosecutor's request to cross-examine defendant about the rape conviction cannot be justified by any reasonable trial tactic or strategy *(see, People v Butterfield,* 108 AD2d 958, 959). During trial, counsel failed to object to the testimony of several witnesses which impermissibly bolstered the complainant's account of the incident *(see, Baccio v People,* 41 NY 265, 268-271; *People v Mackley,* 60 AD2d 791; *People v Vicaretti,* 54 AD2d 236, 244), failed to make any requests to charge *(see, People v Derrick,* 96 AD2d 600) and failed to make a motion for a trial order of dismissal until asked to do so by the court. In sum, the totality of defense counsel's omissions and errors compels the conclusion that defendant was denied effective and meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147; *People v Trait,* 139 AD2d 937, *lv denied* 72 NY2d 867; *People v Wiley,* 120 AD2d 66; *People v Riley,* 101 AD2d 710; *People v Peterson,* 97 AD2d 967; *People v Sanin,* 84 AD2d 681). In view of our holding we need not address the other issues raised on appeal. (Appeal from judgment of Steuben County Court, Finnerty, J.—rape, first degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.