■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 13, 1986, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for murder in the second degree

charged in the second count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is not legally sufficient to establish the defendant's guilt of murder in the second degree under the second count of the indictment which charged him with the murder of the deceased Blakely. The forensic evidence disclosed that Blakely was killed by a .22 caliber bullet and another of unknown origin. The defendant's testimony was that he used a .38 caliber revolver which was corroborated by the testimony of the People's witness. Therefore, the evidence does not establish beyond a reasonable doubt that Blakely died from a gunshot wound inflicted by the defendant.

However, with respect to the remaining counts of the indictment, when viewed in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, supra), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those counts was not against the weight of the evidence (CPL 470.15 [5]; see, People v Lutchmidat, 134 AD2d 286; People v Resnick, 133 AD2d 237). Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.