■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RODRIGUEZ, Appellant. — Levine, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 10, 1982, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility when, in June of 1982, he was indicted for stabbing a fellow inmate with a sharpened metal file. Defendant initially entered a plea of guilty to the charge of attempted second degree murder. However, he subsequently withdrew that plea and proceeded to trial. Having been found guilty of the crimes of attempted murder in the second degree and promoting prison contraband in the first degree, defendant was sentenced as a predicate felony offender to concurrent prison terms of 12½ to 25 years and 3½ to 7 years.

Defendant contends on this appeal that he received ineffective assistance of counsel. Specifically, he argues that defense counsel should have demanded *Huntley* and *Sandoval* hearings, respectively, to suppress testimony regarding the incriminating statement he made to a correction officer following the stabbing and to forestall cross-examination as to his prior criminal convictions.

The mere fact that defense counsel did not engage in pretrial procedures available to defendant does not, in itself, constitute ineffective assistance of counsel (*see, People v Peters,* 90 AD2d 618, 619; *People v Bonk,* 83 AD2d 695). This is especially true where such motions would have been futile (*see, People v Tommaselli,* 102 AD2d 943, 943-944).

In regard to defense counsel's failure to request a *Huntley* hearing, it should be noted that there was no ground upon which defendant's incriminating statement to the correction officer ("I wanted to kill his [the victim's] ass. I'll admit it.") could have been suppressed. Defendant testified that he was well aware of his *Miranda* rights at the time he made the incriminating statement, having heard them frequently in the course of his criminal past. Further, the correction officer who questioned defendant following the stabbing testified that before he had a chance to read defendant his rights, defendant had voluntarily parroted them to him. Accordingly, there is nothing in the record to indicate that defendant's statement was other than voluntary and informed.

As to a *Sandoval* hearing, the very circumstances under which this crime was committed made it impossible to prevent the jury's awareness of defendant's criminal record. Further, given the overwhelming proof of defendant's guilt, i.e., the eyewitness testimony of both the victim and a correction officer, together with defendant's admissible incriminating statement, any error in the *Sandoval* ruling must be considered harmless (*see, People v Asch,* 107 AD2d 941).

Equally unavailing is defendant's contention that his sentence is harsh and excessive because it exceeds the sentence he would have received had he pleaded guilty pursuant to the originally agreed-upon plea bargain. Given the *quid pro quo* nature of the bargaining process, it is not unreasonable that sentences imposed after trial will be more severe than those arrived at in a plea bargain (*People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.