(May 30, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BRUGMAN, Appellant. — Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 2, 1982, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree, and (2) from a judgment of said court, rendered April 2, 1982, convicting defendant, upon his plea of guilty, of the crime of promoting prison contraband in the first degree.

Defendant challenges two judgments convicting him of promoting prison contraband while an inmate at Elmira Correctional Facility. The first conviction followed a jury trial held on March 1, 1982. The People's proof established that during a surprise frisk of inmates, a seven-inch sharpened shank was discovered in the front pocket of defendant's coat. His defense was that he had been framed. On March 7, 1982, after conviction but before sentencing, another homemade shank was found in defendant's possession and he was indicted once again. As to this second indictment for promoting prison contraband in the first degree, defendant pleaded guilty. The plea bargain, which was concluded by assigned counsel who had represented defendant

throughout both indictments, determined the sentences for both of the convictions. Defendant received two concurrent prison sentences of 3½ to 7 years, to run consecutively with the prior sentence giving rise to his imprisonment. Of defendant's various contentions on appeal, only the claim of ineffective assistance of counsel has force.

Although it is apparent from the record that defendant's assigned counsel was well versed in conducting the trial of a criminal case, meaningful representation was not had in this instance, primarily because of counsel's failure to request a *Sandoval* hearing and in passively acquiescing in and actively developing the fact that defendant was silent and registered no surprise when the shank was uncovered in his coat pocket.

The election not to pursue a *Sandoval* hearing prior to trial of the first indictment enabled the prosecution on cross-examination to impeach defendant's contention that he had been set upon by inquiring into three recent episodes wherein defendant had been charged with or convicted of possessing dangerous contraband in prison. While the very fact of defendant's confinement justified his frank acknowledgement of the nature of the crime which gave rise to his imprisonment, allowing the People to demonstrate that defendant had a predisposition to commit the crime with which he was charged was highly damaging.

That damage was exacerbated when references to defendant's silence and lack of surprise were brought out by the People without objection, and by defendant's counsel himself. That testimony was not only at odds with defendant's explanation that he had been framed, but was highly prejudicial (*see, People v Conyers,* 52 NY2d 454). Like defendant's prior possessions of contraband, the evidence of his silence directly undermined the defense being advanced (*see, People v Zaborski,* 59 NY2d 863, 864-865). In our view, the foregoing circumstances warrant reversal of the jury verdict convicting defendant.

Moreover, since defendant's later plea to the second indictment was "induced by the understanding that the sentence would be concurrent with the sentence imposed for his conviction, since set aside", that plea must also be vacated (*People v Fuggazzatto,* 62 NY2d 862, 863; *People v Schaaff,* 77 AD2d 607, 608).

Judgments reversed, on the law, and matters remitted to the County Court of Chemung County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.