■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered April 11, 1984, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After a favorable pretrial ruling on his Sandoval motion, the defendant took the witness stand and testified that while in the Marine Corps, serving in Vietnam, he received the following awards and citations: National Defense Campaign Medal, Vietnam Campaign Medal, Good Conduct Medal, Armed Forces Expeditionary Medal and two Purple Hearts. Subsequently, at a side bar, the trial court ruled that the defendant had put his character in issue and permitted the People to inquire whether the defendant had ever been convicted of a crime. The prosecutor was not permitted to inquire into the underlying facts of the crime nor even that it constituted a felony.

The defendant contends that the ruling was in error as he had not placed his character in issue. We can conceive of no purpose for the defendant's testimony other than to establish

circumstantial evidence of good character. Accordingly, we find that the court properly permitted the People, in rebuttal, to establish his prior conviction (see, Richardson, Evidence § 152 [Prince 10th ed]). Furthermore, the defendant was not entitled to a pretrial ruling in this regard. Addressing the procedural and substantive rights of a defendant to obtain a prospective ruling as to the permissible scope of his cross-examination, the Court of Appeals stated: "We do not refer here to the extent to which independent, direct proof of previous criminal, vicious or immoral acts on the part of the defendant may be admissible * * * to rebut character evidence introduced by the defendant * * * Such [issue is] distinct and involve[s] considerations and factors with which we are not now concerned" (see, People v Sandoval, 34 NY2d 371, 373, n 1). In addition, we find that the probative value of this rebuttal evidence outweighed any prejudice accruing to the defendant.

The defendant's remaining contentions have been considered and found to be without merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.