■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GUGINO, SR., Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: On this appeal from a judgment convicting him of five counts of criminal possession of stolen property, defendant contends that he was deprived of the effective assistance of counsel and was therefore denied his right to a fair trial. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 147). Meaningful representation does not assure errorless counsel or that unsuccessful trial strategies will be redressed, and it is not for a reviewing court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, as long as defendant was afforded meaningful representation *(People v Satterfield,* 66 NY2d 796, 799-800; *People v Jock,* 111 AD2d 941, 942-943, *lv denied* 66 NY2d 615). Our review of this record indicates that defendant was not afforded meaningful representation and was therefore deprived of a fair trial.

The testimony of Myron Johns, the People's principal witness, was that defendant provided him with an automobile which he used in the commission of the burglaries and thefts of property set forth in the first two counts of the indictment and that he used that automobile to transport the stolen goods to defendant's service station. Yet defense counsel did not raise the question of defendant's participation in the underlying larcenies and whether such evidence required corroboration of Johns' testimony. (Penal Law § 165.65 [1]; *People v Polk,* 84 AD2d 945.) The issue was critical on counts I through IV because Johns' testimony was the only evidence that defendant possessed the stolen property.

Further, counsel failed to make a pretrial motion to suppress a calculator and television seized during a search of defendant's service station or to suppress defendant's state-

ment made during the search. To the contrary, counsel expressly waived a *Huntley* hearing and agreed with the People on the facts concerning the scope and execution of the search warrant rather than challenging them. The physical evidence and defendant's statement were relevant to the fifth count and were the only corroborative evidence of defendant's possession. The critical nature of this evidence required that its admission be challenged *(see, People v Sanin,* 84 AD2d 681, 682).

Counsel also failed to object to the far-reaching cross-examination of defendant in which highly prejudicial collateral matters were raised. Counsel's failure permitted the prosecutor to attempt to establish defendant's guilt by asking if he knew gamblers, prostitutes, burglars, whether he had ever posted bail for anyone, and a wide range of similarly prejudicial questions.

These deficiencies were not the product of any discernible trial strategy and were so egregious as to deprive defendant of a fair trial *(People v Satterfield, supra; People v Wiley,* 120 AD2d 66).

The People concede that the evidence was legally insufficient to support the conviction for criminal possession of stolen property in the second degree on the fourth count of the indictment. On retrial, evidence of guilt on this count should be limited to criminal possession of stolen property in the third degree. (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal possession of stolen property, first degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.