■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE BRAVO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered March 27, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's ruling permitting the cross-examination of the defendant as to his illegal

alien status was improper. The court had originally ruled that the prosecution could not use the defendant's illegal alien status to impeach his credibility on the ground that the prejudice accruing from that evidence would outweigh its probative value. However, when the defendant took the stand he put his character in issue, by testifying that he had never been arrested either in the United States or in Mexico, his native country. Therefore, the court properly permitted the People to cross-examine the defendant as to his illegal entries into the United States (see, People v Jones, 121 AD2d 398).

The defendant also contends that the prosecutor's use of his prior inculpatory statement on cross-examination constitutes reversible error, as no notice of that statement was provided pursuant to CPL 710.30 (People v Rosario, 9 NY2d 286). While this court does not condone the prosecutor's conduct, the statute does not require that such notice be provided where a statement made by a defendant is being used solely for purposes of impeachment (CPL 710.30; People v Rudolph, 134 AD2d 539). We note that the trial court promptly curtailed this questioning, prohibited the People from using the statement in rebuttal and gave curative instructions to the jury.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The police officer testified that he observed the defendant sitting in the front passenger seat of a black BMW. Another vehicle arrived whereupon the defendant exited the BMW and was approached by the unidentified male occupants of the other vehicle. The officer, from 30 feet away, in good lighting conditions, saw the defendant remove a plastic bag that contained white powder from his breast pocket. The officer then saw the defendant measure some powder into a paper and pass that paper to the two unidentified males in exchange for money. The defendant then returned to the BMW. Although the police officer then left the scene for two to three minutes to obtain backup assistance, when he returned the defendant was still seated in the front seat of the BMW. The plastic bag containing traces of a narcotic drug was recovered from the ground directly beneath the front passenger seat of the BMW.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although the defendant took the stand and denied any involvement in the sale of narcotics the jury was free to disbelieve him (People v Davis, 92 AD2d 177,

*affd* 61 NY2d 202). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.