■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MANDIGO, Appellant.—Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 9, 1990, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant was tried and convicted for the crime of burglary in the third degree and sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years. The facts necessary for resolution of this case follow. At approximately 4:30 A.M. on May 19, 1989 Patrolman Brian Taylor of the Gouverneur Village Police Department was called to investigate a possible burglary of a gas station. Upon arrival at the scene Taylor noted the open front door and entered the building. Inside several desk drawers were open and a bank money bag was lying on the floor. Taylor did not observe anyone present in the building and left the store. Shortly thereafter, two State Troopers arrived and the three officers reentered the building and arrested defendant, who had been hiding behind a desk.

At trial, defendant testified that he had first noticed the open front door while making a call from a nearby public phone booth. He claimed to have entered the store out of curiosity, without any intent to commit a crime. Defendant allegedly hid from the police officers because he was on parole and was nervous about violating his parole conditions. During cross-examination the Assistant District Attorney questioned defendant about a 1983 burglary conviction. Defense counsel objected to the question on the ground that the prosecution failed to obtain court approval prior to questioning defendant about previous convictions for a similar crime, which objection was overruled.

Defendant contends that he was denied effective assistance of counsel by reason of his attorney's failure to make a *Sandoval* motion. We agree. It is well established that the mere failure to make pretrial motions does not constitute ineffective assistance of counsel *(see, People v Mouck,* 145

AD2d 758, *lv denied* 73 NY2d 924). Rather, the inquiry is whether counsel's decision not to do so is premised on a legitimate, strategic basis *(supra,* at 758-759). Such is not the case here. The record reveals that defense counsel was aware of his client's previous conviction and failed to make a *Sandoval* motion due to his mistaken belief that the prosecution was required to seek judicial approval prior to cross-examining defendant about his previous conviction. Defendant was the only available source of testimony in support of his defense and counsel's failure to seek a *Sandoval* ruling in order to obviate the risk of the jury concluding that he was predisposed to commit burglary necessitates reversal *(see, People v Dickman,* 42 NY2d 294, 298; *People v Brugman,* 111 AD2d 562).

Mahoney, P. J., Casey, Mikoll and Levine, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this court's decision.