■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS FELDER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from his conviction for criminal possession of a controlled substance in the third and fifth degrees, defendant contends that he was deprived of the effective assistance of counsel. We agree. Defense counsel committed numerous mistakes of commission and omission that, cumulatively, deprived defendant of meaningful representation and a fair trial *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Droz,* 39 NY2d 457, 462).

Counsel's failure to move to suppress the drugs and money was inexcusable in the context of this prosecution for possession with intent to sell. Furthermore, counsel was ineffective in conducting cross-examination of the arresting officer and direct examination of defendant. Notwithstanding the court's favorable *Sandoval* and *Ventimiglia* rulings, defense counsel elicited testimony concerning uncharged crimes and charges that were the subject of pending prosecutions. By eliciting such highly prejudicial evidence, defense counsel forfeited the advantage of the court's favorable *Sandoval* and *Ventimiglia* rulings, showed his unfamiliarity with the rule of *People v Betts* (70 NY2d 289), and demonstrated an unfamiliarity with defendant's criminal history. There was no plausible tactical reason for defense counsel's inquiries.

Finally, the closing portion of trial counsel's summation, like much of the defense strategy as a whole, was incoherent. It was ill-advised for trial counsel to ask the jury to question defendant's guilt in another case in which he had entered a plea of guilty, and it was immaterial to these charges that defendant had sought rehabilitation for his drug problem. (Appeal from Judgment of Oneida County Court, Buckley, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.