■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE WIGGINS, Appellant. [624 NYS2d 318] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of various counts of assault, rape, and criminal possession of a weapon, for which he was sentenced, as a second felony

offender, to a term of imprisonment of 13 to 26 years. The sole contention of defendant on appeal is that he was deprived of effective assistance of counsel by deficiencies in the performance of his retained trial counsel.

We conclude that counsel's failure to provide meaningful representation deprived defendant of a fair trial *(see, People. v Baldi,* 54 NY2d 137, 146-147). Although the failure to make motions does not automatically constitute ineffective assistance, the failure to request a *Sandoval* ruling, in combination with subsequent occurrences at trial, exhibited counsel's ignorance of that fundamental and prophylactic rule of law, and of the related *Ventimiglia* protection. In that connection, we note that counsel failed to insulate defendant from cross-examination concerning prior similar charges of weapon possession and prior bad acts involving cocaine. Moreover, counsel opened the door and failed to object to prejudicial evidence of prior uncharged crimes and bad acts introduced by the prosecutor. Further, counsel elicited prejudicial hearsay testimony that defendant was trying to force the victim into prostitution. Finally, counsel failed to request a missing witness charge concerning the victim of the shooting. We perceive no tactical explanation for those failures and conclude that, viewed as a whole, counsel's representation was constitutionally inadequate *(cf., People v Felder,* 186 AD2d 1050; *People v Donovan,* 184 AD2d 654, 655-656; *People v Dombrowski,* 163 AD2d 873, 874). (Appeal from Judgment of Monroe County Court, Connell, J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.