■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE HOLLINS, Appellant. [634 NYS2d 561] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 23, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the second degree.

In May 1992, State Police Investigator Alvin Olson conducted an undercover narcotics investigation in St. Lawrence County with the aid of a confidential informant. On May 19, 1992, during the course of that investigation, Olson met with Frank Allen, who attempted to set up a "buy" between Olson and defendant. The "buy", however, did not materialize because the two could not locate defendant. On that day, Allen advised Olson that he owed defendant $11,000 for past drug transactions and that he received a percentage of any sales he arranged for defendant, which were used to reduce his indebtedness.

On May 21, 1992, Olson and the informant went to a parking lot where they purchased a quantity of cocaine from defendant. Thereafter, on June 17, 1992, the informant called Olson and advised him that he had just had a conversation with Allen, who told him that defendant was going to deliver two ounces of cocaine to Allen, which would thereafter be sold to the informant in the Town of Norfolk, St. Lawrence County. Sometime later that evening, the confidential informant again phoned Olson advising him that Allen had called and told him that defendant was at Allen's residence with the cocaine. The informant also said that defendant was going to take some of Allen's stereo equipment in partial payment for the debt Allen owed defendant from prior drug transactions. Olson drove to Allen's residence and observed defendant and Ronald Glenn loading stereo equipment into defendant's car. When defendant, Glenn and Allen left the residence and headed toward the designated meeting place, the State Police stopped defendant's car, ordered him and Glenn out of the vehicle and conducted a search, which revealed a packet of cocaine and a gun. Defendant thereafter was indicted, tried and convicted of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the second degree, for which he was sentenced to concurrent terms of imprisonment of 2 to 6 years and 3 years to life, respectively. Defendant appeals.

There must be a new trial for the record plainly reveals that

defendant was denied the right to the effective assistance of counsel. During the course of the trial, defense counsel made a sum total of two objections to questions posed by the prosecutor and made no objections to the introduction of any of the physical evidence. Additionally, defense counsel conducted no cross-examination of the State Police crime laboratory analyst who tested the cocaine found in defendant's vehicle. In our view, however, the most egregious conduct of counsel was his affirmative elicitation, during cross-examination of prosecution witnesses, of testimony regarding numerous prior uncharged crimes committed by defendant, not the least of which was the uncharged controlled buy between defendant, Olson and the informant on May 21, 1992. There simply was no plausible tactical reason for those inquiries and they clearly reflect defense counsel's ineffectiveness (*see*, *People v Felder*, 186 AD2d 1050).

Because there must be a new trial, we will address only two of the many other issues raised by defendant. Defendant contends that County Court erred in denying his suppression motion because probable cause did not exist for the search of his car, which was based upon the confidential informant's tip. We disagree. It is now quite clear that probable cause may be based upon hearsay, such as an informant's tip (*see*, *People v Bigelow*, 66 NY2d 417, 423), so long as the People establish that the informant was reliable and that the police were given the informant's basis of knowledge for the tip (*see*, *People v Rodriguez*, 52 NY2d 483, 488-489). A review of the record here reveals that both prongs of that test were met. As to the informant's reliability, that was established by Olson's personal observations confirming some of the details of the tip (*see*, *People v DiFalco*, 80 NY2d 693, 699), the revelation by the informant as to Allen's indebtedness to defendant for prior drug transactions, information already known to Olson (*see*, *People v Rodriguez*, *supra*, at 489-490), and the informant's participation in the May 21, 1992 controlled buy (*see*, *People v Miner*, 126 AD2d 798, 800). The second prong was clearly established in that the informant spoke with personal knowledge gained through telephone conversations with Allen, a participant in the transaction in question (*see*, *People v Rodriguez*, *supra*, at 491-493).

Finally, we reject defendant's contention that he was denied due process because there was a racial imbalance in the Grand Jury. Initially we note that defendant did not raise this issue in County Court and has thus not preserved it for our review (*see generally*, *People v Vanderpool*, 217 AD2d 716, 717). In any

event, in order to establish such a violation, defendant was required to demonstrate that a substantial and identifiable segment of the community had not been included in the Grand Jury pool as the result of the systematic exclusion of that group (*see*, *People v Guzman*, 60 NY2d 403, 410, *cert denied* 466 US 951), an occurrence not even remotely addressed in defendant's brief.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of St. Lawrence County for a new trial.