■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON J. LANGLOIS, Appellant. [697 NYS2d 360] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 19, 1999, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and attempted sexual abuse in the first degree.

In January 1998, defendant was a supervisor at a plastics facility in St. Lawrence County. According to one of his employees (hereinafter the victim), defendant approached her from behind one day at work during the month of January 1998 and held her arms behind her back. She struggled to free herself, to no avail. Defendant then placed his free hand underneath the victim's shirt and felt her breasts. He also placed his hand down her pants and subjected her to additional sexual contact. The victim further alleges that the following March, defendant again approached her at work, held her hands behind her back and proceeded to place his free hand down her pants but stopped when he heard voices. Defendant denied that the January 1998 incident occurred and admits only to holding her arms behind her back in March 1998, claiming that same was done in the course of normal, workplace horseplay.

Indicted on sexual abuse in the first degree and attempted

sexual abuse in the first degree and found guilty as charged following a jury trial, defendant appeals primarily contending that he was denied effective assistance of counsel.[1] Although many of the claimed errors committed by defendant's trial counsel are either without merit or did not, by themselves, prejudice him, we find counsel's failure to request a *Sandoval* hearing (*see, People v Sandoval*, 34 NY2d 371), and concomitant failure to request limiting instructions when numerous instances of prior bad acts were admitted at trial, was sufficiently egregious conduct—i.e., there was no strategic or other legitimate explanation for the omissions—to warrant a reversal of defendant's convictions.

The record reveals that trial counsel did not request disclosure of prior uncharged criminal, vicious or immoral acts (*see*, CPL 240.43) or a pretrial *Sandoval* hearing based on his mistaken belief that the People had no information in their possession warranting same. However, it became clear at the close of the People's case—only through direct intervention by County Court—that the People did in fact intend to cross-examine defendant about prior acts of sexual misconduct and harassment against women whom he supervised at various companies over the years. Despite County Court's laudable efforts to bring this matter to counsel's attention, counsel nevertheless inexplicably let defendant—who "was the only available source of the material testimony in support of his defense" (*People v Dickman*, 42 NY2d 294, 298)—take the witness stand without requesting a hearing (*see, People v Davis*, 44 NY2d 269, 276, n 3). Nor did counsel object to any question as being irrelevant or prejudicial.

Thus, defendant was cross-examined about his "common practice" of making sexual comments to women under his supervision and about his prior conduct with eight different women under his supervision wherein he allegedly made lewd or sexual remarks to them and/or cornered them, rubbed himself against them and touched them sexually. While he admitted to making certain of the lewd remarks, he denied the more serious allegations of sexual contact. No request was made by counsel for County Court to give limiting instructions to the jury during defendant's cross-examination or during its jury charge.

A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation (*see, People v*

---

1. We reject defendant's contentions that the verdict is legally insufficient (*see, People v Contes*, 60 NY2d 620, 621) and against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

*Baldi*, 54 NY2d 137, 146-147). A trial counsel's failure to make a particular pretrial motion generally does not, by itself, establish such contention (*see, e.g., People v Rivera*, 71 NY2d 705, 709; *People v Mandigo*, 176 AD2d 386). Rather, a defendant must "demonstrate the absence of strategic or otherwise legitimate explanations for counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" (*People v Rivera, supra*, at 709; *see, People v Mandigo, supra*, at 387).

Defendant has met this burden. We can envision no tactical trial reason for counsel to forego requesting a hearing to preclude evidence of defendant's alleged acts of sexual misconduct and harassment against these eight women (*see, e.g., People v Wiggins*, 213 AD2d 965, 966; *People v Mandigo, supra; People v Sanford*, 148 AD2d 999, 1000). Indeed, had such hearing been requested, the prior instances of misconduct were sufficiently similar to the present charges, or sufficiently stale due to the passage of time, to warrant their suppression under *People v Sandoval* (*supra*) (*see, People v Butterfield*, 108 AD2d 958, 959). Equally inexplicable is the lack of a request for limiting instructions, thus permitting the jurors to perhaps consider the alleged incidents as proof of defendant's propensity to commit the charged acts (*see, People v Forbes*, 203 AD2d 609, 610-611).[2] Under these circumstances, a reversal is warranted (*see, Strickland v Washington*, 466 US 668; *see also, People v Dickman*, 42 NY2d 294, 298, *supra; People v Mandigo, supra; People v Brugman*, 111 AD2d 562). Because a new trial is warranted on this ground, we need not consider whether any other error warrants reversal.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.

---

**2.** In expressly conceding that his representation of defendant was ineffective, trial counsel tacitly concedes that he had no tactical reason for failing to request a hearing before defendant took the stand or for failing to seek limiting instructions at any time.