(April 13, 2000)

■ The People of the State of New York, Respondent, v Joseph Young, Appellant. [707 NYS2d 511].—Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 30, 1998, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, a prison inmate, was convicted after trial and sentenced as a second felony offender based upon evidence that correction officers saw him run from the scene of an altercation and throw an object, later determined to be a razor blade, wrapped in electrical tape. The correction officers immediately subdued him and retrieved the weapon.

Upon appeal, defendant raises two issues. First, he contends that County Court's failure to rule upon a *Sandoval* motion is a ground for reversal. Second, he contends that he was denied effective assistance of counsel because his trial attorney failed to seek such *Sandoval* ruling despite the fact that a hearing had been commenced.*

Defense counsel requested a *Sandoval* hearing before trial at which counsel attempted to inform County Court of the conviction for which defendant was incarcerated, using information apparently obtained from a report supplied by the People. Defendant interjected and advised that he had not been convicted on that particular charge. Concluding that precise information concerning defendant's prior conviction was critically necessary to conduct a hearing, County Court suspended the hearing and advised counsel that he would be given "an opportunity following jury selection to address this issue anew".

After jury selection, defense counsel requested neither a continuation of the *Sandoval* hearing nor a ruling concerning the motion. At trial, testimony was received from numerous witnesses, including three correction officers, who stated that they saw defendant throw an object; two of the witnesses specifically testified that the object looked like a razor blade. Further testimony detailed the recovery of the object and its identification as a razor blade. Defendant presented evidence to the contrary through the testimony of an inmate and a correction officer.

---

* In our prior review, we held that there were nonfrivolous appealable issues and we withheld decision pending assignment of new counsel (259 AD2d 837).

While we agree that County Court's failure to rule upon the *Sandoval* motion was error, such error does not require a reversal since evidence of defendant's guilt was overwhelming. As a *Sandoval* ruling favorable to the defense would not have affected the result (*see, People v Hicks*, 88 AD2d 519), we next address defendant's assertion of ineffective assistance of counsel.

Defense counsel's failure to engage in pretrial motion practice did not, in and of itself, constitute ineffective assistance of counsel (*see, People v Mandigo*, 176 AD2d 386, *lv denied* 81 NY2d 888). "[T]he very circumstances under which this crime was committed made it impossible to prevent the jury's awareness of defendant's criminal record" (*People v Rodriguez*, 111 AD2d 524, 525). Not only was defendant's status as a prior felon information which was available to the jury, the record also reveals that defendant was not the only available source of testimony in support of his defense (*see, People v Mandigo, supra*, at 387; *People v Cooke*, 101 AD2d 983). Given the overwhelming evidence of defendant's guilt, had there been error in a failure to secure a ruling on the *Sandoval* motion, such error would have been considered harmless (*see, People v Long*, 269 AD2d 694, 696; *People v Rodriguez, supra*, at 525; *see also, People v Mackey*, 155 AD2d 297) since "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Finding a failure to demonstrate prejudice indicating the deprivation of a fair trial due to lack of meaningful representation (*see, People v Flores*, 84 NY2d 184, 186), we affirm the judgment of conviction.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.