■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY FLEEGLE, Appellant. [745 NYS2d 224] —Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 15, 2001, upon a verdict

---

convicting defendant of the crimes of rape in the first degree (six counts), rape in the third degree (six counts), sexual abuse in the first degree (six counts), sodomy in the first degree (five counts) and sodomy in the third degree (five counts).

In August 2000, defendant was indicted by a grand jury in a 155-count indictment which charged him with 31 counts each of sexual abuse in the first degree, rape in the first degree, rape in the third degree, sodomy in the first degree and sodomy in the third degree. The charges stemmed from acts against the same minor female victim (born in 1981) at several locations in St. Lawrence County, between August 1995 and February 1998. At the conclusion of defendant's trial, County Court submitted representative counts to the jury, including six counts each of sexual abuse in the first degree, rape in the first degree and rape in the third degree and five counts each of sodomy in the first and third degrees.[1] Defendant was convicted on all the submitted counts and thereafter sentenced to prison terms of 7½ to 15 years on five of the first degree rape charges and 4 to 12 years on the sixth first degree rape charge, all to be served consecutively to one another, and to lesser concurrent prison terms on the remaining convictions. Defendant appeals.

Defendant raises several issues on appeal. We need only address defendant's contention that he was denied his fundamental right to a fair trial due to the cumulative effect of trial errors and the ineffective assistance of his defense counsel, which we find merits reversal of his conviction.

We focus first on the trial errors occasioned by reference to multiple uncharged sex crimes by defendant against this same victim in the People's opening statement and the victim's testimony regarding those crimes. In her opening, the prosecutor informed the jury that "we are going to show you that 155 counts is the very minimum of what occurred in this case," "the abuse of this girl at the hands of this defendant started when she was about nine years old, which was long before August of 1995," "this didn't start in August of 1995, but * * * we are bound by [the] statute of limitations," "there isn't almost enough paper to write this on. We could have thousands of counts here, but we don't" and "[The abuse] continued beyond [February of 1998] but they moved to the State of Virginia in

---

1. County Court's submission of 28 representative counts of the indictment to the jury resulted in the dismissal of the 127 counts not submitted (*see*, CPL 300.40 [6] [b]; [7]) and the dismissed counts cannot be retried (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 300.40, at 225).

February of 1998, hence, we have no other charges in the State of New York." That opening statement was followed by the victim's testimony that defendant raped, sodomized and sexually abused her in 1992, which criminal acts continued after the victim's family left New York in 1998.

Evidence of a defendant's prior uncharged crimes is "clearly inadmissible to prove criminal propensities" (*People v Forbes*, 203 AD2d 609, 611), but may be admitted to establish an element of the crime at issue where the probative value of the proof outweighs its possible prejudicial effect (*see, People v Cook*, 93 NY2d 840, 841; *People v Sturdivant*, 277 AD2d 607, 608, *lv denied* 95 NY2d 970; *People v Rogner*, 265 AD2d 688, 689; *People v McClain*, 250 AD2d 871, 872, *lv denied* 92 NY2d 901). However, "[i]t is clear that where a prosecutor intends to offer evidence of uncharged criminal conduct of a defendant, he should seek a ruling from the trial court out of the presence of the jury as to the admissibility of such evidence" (*People v Janota*, 181 AD2d 932, 933). The People sought no such ruling[2] and the subsequent testimony of the victim, that she had been sexually abused, raped and sodomized by defendant prior to and subsequent to the dates covered in the indictment, albeit offered and received without any objection by defense counsel, was error in light of the fact that County Court did not conduct a *Ventimiglia* hearing or give the jury any limiting instructions[3] with respect thereto. Such errors "seriously impinged upon defendant's right to a fair trial" (*People v Intelisano*, 188 AD2d 881, 883; *see, People v Hobot*, 84 NY2d 1021, 1022; *People v Lewis*, 69 NY2d 321, 327-328; *People v Janota, supra* at 935; *People v Gautier*, 148 AD2d 280, 282-283).

Compounding the prejudicial error of admitting such proof without a hearing to determine its probative value or without appropriate limiting instructions to the jury, was the ineffective assistance of defense counsel, whose actions "seriously compromise[d] * * * defendant's right to a fair trial" (*People v Hobot, supra* at 1022; *see, People v Benevento*, 91 NY2d 708, 713; *People v Flores*, 84 NY2d 184, 188-189). As noted, defense counsel failed to object to the prosecutor's references, in her

**2.** The only reference to prior bad acts came immediately prior to trial during the course of a hearing referred to by County Court as a *Sandoval* hearing, wherein County Court indicated that it would allow the People to impeach defendant if he took the stand by bringing out "[t]he * * * prior bad acts * * * concern[ing] this victim and the family and his behavior towards them, which is all a part of the element of * * * forcible compulsion."

**3.** No limiting instruction regarding the victim's uncharged sex crime testimony was given by County Court at the time of the testimony or in its final charge.

opening statement, to defendant's uncharged sexual assaults upon the victim, did not object to the victim's testimony regarding those uncharged sex crimes, and failed to request a limiting instruction from County Court regarding the jury's consideration of that evidence or object to the final charge which contained no limiting instruction (*see, People v Dove*, 287 AD2d 806, 807). Additionally, he inexplicably elicited additional proof regarding those uncharged sex crimes during his cross-examination of the victim (*see, People v Hollins*, 221 AD2d 863, 864). The possibility that such proof was relied upon by the jury as evidence that defendant committed the 28 counts of the 155-count indictment submitted for its consideration is obvious (*see, People v Intelisano, supra* at 883-884). Moreover, defense counsel failed to move to compel a bill of particulars regarding each count of the indictment after the People refused to respond to his demand for same, suggesting their offer to review their file was sufficient disclosure. Nothing in the record indicates a review of the People's file would have provided the necessary particulars for defense counsel to make appropriate pretrial motions or otherwise allow him to adequately defend defendant against each count (*see, People v Keindl*, 68 NY2d 410, 420-421).

Nor does the record reveal any tactical, strategic or other legitimate explanation for defense counsel's actions or lack thereof (*see, People v Rivera*, 71 NY2d 705, 709; *People v Langlois*, 265 AD2d 683, 685). Defense counsel's objection to the proffered testimony or request for a limiting instruction would not have undercut the defense theory that the victim concocted these charges in retaliation against defendant because of a dispute over her automobile. Consequently, we find that defense counsel's efforts fell far short of meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Langlois, supra* at 685).

Our decision renders the remainder of defendant's contentions academic. Since a new trial is required, we remit the matter to County Court for assignment of new counsel, who shall be permitted to file whatever motions addressed to the indictment or underlying proceeding as may be deemed appropriate.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.