■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED E. MILLER, Appellant. [783 NYS2d 130]—

Lahtinen, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered August 7, 2003, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

In early February 2003, the victim, a six-year-old girl, reportedly pointed to her vaginal area as she informed her grandmother that she had just been touched there by defendant, the victim's grandfather. The following day, defendant was taken by a Delaware County deputy sheriff to the sheriff's office for questioning. Although defendant initially maintained his innocence, he eventually confessed to unzipping the victim's pajamas and placing his hand inside them. Defendant testified at trial, denying the allegations against him and explaining that his confession followed questioning of one to two hours at a time when he was physically ill—suffering from the flu and diabetes—and after he had been promised counseling. He was convicted by the jury and sentenced to concurrent prison terms of six years for sexual abuse and one year for endangering the welfare of a child. Defendant appeals.

Defendant contends that he did not receive the effective assis-

tance of counsel because, among other things, his attorney waived a preliminary hearing, waived presentment to the grand jury and consented to be prosecuted by superior court information (getting nothing in exchange for either waiver), failed to make any pretrial motions, made no attempt to suppress his statement and did not seek a *Sandoval* ruling. The failure to make a particular pretrial motion does not compel a conclusion of ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Seavey*, 305 AD2d 937, 939 [2003], *lv denied* 100 NY2d 620 [2003]). The constitutional requirement of effective assistance of counsel is not "amenable to precise demarcation" (*People v Benevento*, 91 NY2d 708, 712 [1998]) and is, instead, fact-driven, turning upon whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Chrysler*, 6 AD3d 812, 812-813 [2004]).

Here, defendant's statement to a deputy sheriff was clearly the crucial evidence available to and used by the prosecution. Despite the key nature of this proof and defendant's contention that the statement was induced only after lengthy questioning while he was ill, counsel failed to request a *Huntley* hearing or to otherwise challenge the deputy sheriff's testimony regarding defendant's statement during the prosecutor's direct case. Nor did counsel request a *Sandoval* ruling regarding defendant's conviction of aggravated harassment, which was used by the prosecution to impeach defendant on cross-examination. The failure to obtain a *Sandoval* ruling is noteable within the context of the current case since "[d]efendant was the only available source of testimony in support of his defense" (*People v Mandigo*, 176 AD2d 386, 387 [1991], *lv denied* 81 NY2d 888 [1993]; *see People v Langlois*, 265 AD2d 683, 684-685 [1999]). While, standing alone, neither of these errors nor the other unexplained omissions by counsel (e.g., no discovery, no pretrial motions, waiving for no apparent reason hearings that could potentially produce useful evidence, giving very cursory opening and closing arguments) necessarily reflects a lack of the effective assistance of counsel, the cumulative effect nevertheless reveals representation that was less than meaningful (*see People v Dove*, 287 AD2d 806, 807 [2001]). Defendant has satisfactorily argued that there was no tactical reason for counsel's inexplicable omissions (*see People v Langlois, supra* at 685; *see also People v Fleegle*, 295 AD2d 760, 762-763 [2002]).

The remaining arguments are academic.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Delaware County for a new trial and such other proceedings as may be appropriate.