■ The People of the State of New York, Respondent, v Edward F. Darpino, Appellant. [857 NYS2d 760]—

Stein, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered February 26, 2007, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

An order of protection was issued against defendant in favor of the victim, the mother of two of defendant's children,[1] on April 25, 2006 and was served on defendant in court that day. The order of protection required defendant to stay away from the victim including, but not limited to, her place of employment. The order expired on May 30, 2006. On May 7, 2006, defendant went with his wife (then girlfriend) and the two children to the Wal-Mart where the victim had been employed for over a year to purchase a fishing license and a lure. Defendant's wife approached the sporting goods counter and the victim waited on her. Defendant's wife then went to get defendant, as she did not have the money to pay for the license. Defendant's wife testified that she told defendant that the victim was there working at the counter. Defendant went to the counter, paid the victim for the license and left the store.[2]

After a jury trial, defendant was convicted of criminal contempt in the first degree (see Penal Law § 215.51 [c]) for violating an order of protection issued against defendant in favor of the victim. Defendant was sentenced as a second felony offender to a prison term of 1½ to 3 years and ordered to pay certain surcharges and fees. Defendant now appeals. We affirm.

A defendant is guilty of criminal contempt in the first degree when he or she "commits the crime of criminal contempt in the

1. Defendant had physical custody of these children. The victim had visitation rights with the children on her days off from work.
2. The victim testified that defendant gave her "the look" while he was at the counter.

second degree as defined in [Penal Law § 215.50 (3)] by violating that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued, . . . which requires the . . . defendant to stay away from the person . . . on whose behalf the order was issued, and where the defendant has been previously convicted of the crime of aggravated criminal contempt or criminal contempt in the first or second degree for violating an order of protection as described herein within the preceding five years" (Penal Law § 215.51 [c]). Here, defendant admitted to having actual knowledge of the order of protection as he was in court when it was issued and he signed the order. Defendant also admitted to three prior convictions of criminal contempt in the second degree for violating prior orders of protection which were also issued in favor of the victim within the past five years. Defendant knew that this particular Wal-Mart was the victim's place of employment, there was some evidence that he knew she was working that day and his wife testified that he knew the victim was at the sporting goods counter when he approached the counter.

"Viewing this evidence in the light most favorable to the People, and according the People the benefit of every reasonable inference" (*People v McCowan*, 45 AD3d 888, 889 [2007], *lv denied* 9 NY3d 1007 [2007] [citations omitted]), we determine that the evidence was legally sufficient to support defendant's conviction (*see People v Thompson*, 72 NY2d 410, 413 [1988]; *People v Contes*, 60 NY2d 620, 621 [1983]). Likewise, viewing the evidence in a neutral light and giving appropriate deference to the jury's "superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v McCowan*, 45 AD3d at 889; *People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we do not find that the verdict was contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

Finally, viewing the totality of the circumstances of this case, we find that defendant received meaningful assistance of counsel (*see People v Holland*, 279 AD2d 645, 647 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Young*, 271 AD2d 751, 752 [2000], *lv denied* 95 NY2d 859 [2000]). Insofar as defendant complains that defense counsel questioned him in detail regarding two

prior criminal contempt convictions,[3] the jury had to learn about these convictions, as they were elements of the crime charged (*see* Penal Law § 215.51 [c]), and the mere fact of those convictions could have led the jury to question his credibility. Given the overwhelming evidence of guilt, the failure to obtain a *Sandoval* ruling on two of defendant's other prior convictions was harmless error (*see People v Young*, 271 AD2d at 752; *People v Long*, 269 AD2d 694, 696 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Rodriguez*, 111 AD2d 524, 525 [1985]). Furthermore, County Court gave a proper limiting instruction (*see generally People v Barton*, 13 AD3d 721, 724 [2004], *lv denied* 5 NY3d 785 [2005]; *compare People v Langlois*, 265 AD2d 683, 684 [1999]).

Mercure, J.P., Peters, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

---

**3.** County Court issued a *Sandoval* compromise ruling with respect to the convictions for criminal contempt in the second degree which allowed the People to inquire of defendant, in the event that he elected to take the stand, as to the charge and the date only. Defendant elected to testify against his counsel's advice.