OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the City Court for a new trial.
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]). Prior to trial, the City Court granted defendant’s application to proceed as his own lawyer, and counsel was assigned to assist defendant at trial. The role chosen by defendant, with the court’s approval, was to cross-examine witnesses, and standby counsel was responsible for raising objections during the People’s direct and cross-examination of witnesses. The minutes of the trial indicate that defendant expressly reserved the right to attend sidebar conferences and that the court unequivocally assured defendant that he would attend sidebar conferences. However, the court excluded defendant from two sidebar conferences during the trial.
A defendant who has elected to appear pro se “is both an accused and an attorney” (People v Rosen, 81 NY2d 237, 243 [1993]). “[T]he right to self-representation embodies one of the most cherished ideals of our culture; the right of an individual to determine his own destiny” (People v McIntyre, 36 NY2d 10, 14 [1974]). This right derives from article I, § 6 of the New York State Constitution and the Sixth Amendment to the Federal Constitution (People v Dokes, 79 NY2d 656, 659 [1992]; see People v Rosen, 81 NY2d at 243; People v McIntyre, 36 NY2d at 14; see also CPL 170.10 [6] [providing a statutory right for a defendant to proceed pro se]). A self-represented defendant’s status, in comparison to that of a defendant represented by an attorney, changes his rights dramatically, and such a defendant must be afforded the right to control the organization and content of his defense, make motions, argue points of law, participate in voir dire, question witnesses and address the court and juiy during the trial (People v Rosen, 81 NY2d at 244, citing McKaskle v Wiggins, 465 US 168, 174 [1984]).
In the case at bar, defendant’s exclusion from the two sidebar conferences, and standby counsel’s attendance at said confer *83 enees, were imposed by the trial court and not chosen by defendant. The trial court categorically precluded defendant from said sidebar conferences when it refused to excuse the jury from the courtroom during the sidebar conferences, on the ground that it would be too disruptive, or to assign court officers to accompany defendant to the bench for such conferences. The trial court noted that it would not permit defendant to approach the bench escorted by court officers because the court was balancing defendant’s right to represent himself against defendant’s right to be afforded a fair trial, i.e., that the jury not be given the impression that defendant was in custody.
In our view, the exclusion of defendant by the trial court from sidebar conferences violated his state constitutional right to self-representation (see People v Rosen, 81 NY2d 237 [1993]). While a self-represented defendant may forfeit the right to self-representation by engaging in disruptive or obstreperous conduct which is calculated to undermine, upset or unreasonably delay the progress of the trial (People v McIntyre, 36 NY2d at 18), the record is devoid of any indication that defendant engaged in any such conduct. Since the trial court declined to excuse the jury from the courtroom, it could have directed a court officer to escort defendant to the bench for the sidebar conferences, as an acceptable means of balancing defendant’s rights with the court’s duty to maintain an orderly and secure courtroom (see People v Vargas, 88 NY2d 363 [1996]; People v Riley, 292 AD2d 822, 823 [2002]; People v Briggs, 285 AD2d 651 [2001]; People v Walsh, 266 AD2d 324 [1999]; People v Williams, 14 Misc 3d 132[A], 2007 NY Slip Op 50073[U] [App Term, 1st Dept 2007]).
We reject the People’s argument that the issue was not preserved for appellate review. Defendant raised specific objections to the rulings excluding him from the sidebar conferences (see CPL 470.05 [2]).
Accordingly, the judgment of conviction is reversed and the matter remitted to the City Court for a new trial.
In view of the foregoing, we pass on no other issue.
LaCava and Iannacci, JJ., concur; Nicolai, PJ., taking no part.