OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the Justice Court for a new trial.
On at least 16 occasions during August and September 2010, defendant allegedly engaged in improper contact with an 11-year-old girl. After a jury trial, he was convicted of endangering the welfare of a child (Penal Law § 260.10 [1]).
The Justice Court erred in permitting a detective, who had participated in approximately 50 investigations involving abuse of children, to testify, over defendant’s objection, that based on his experience, after interviewing the victim, he found her to be credible. The detective’s opinion should not have been admitted into evidence, as the victim’s credibility was a matter that was exclusively within the province of the jury (see People v Allen, 222 AD2d 441, 442 [1995]; People v Major, 154 AD2d 225, 226 [1989]; People v Kampshoff, 53 AD2d 325, 330 [1976]; People v Graydon, 43 AD2d 842, 843 [1974]; cf. People v Butler, 2 AD3d 1457, 1458 [2003]). The error was not harmless, as the finding of guilt rested “squarely on the jury’s assessment of the credibility of the victim and defendant” (People v Greene, 306 AD2d 639, 643 [2003]), and the proof of defendant’s guilt was not overwhelming (see People v Robinson, 17 NY3d 868, 870 [2011]). We note that defendant’s objection to the detective’s testimony *93 on the ground that it “is something that is part of the Jury’s province,” was sufficiently specific to preserve the issue for appellate review (see People v Chestnut, 19 NY3d 606, 611 n 2 [2012]; People v Vincenty, 68 NY2d 899 [1986]; People v Smith, 28 Misc 3d 81, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
The prosecutor extensively cross-examined defendant regarding his illegal entry into the United States, the potential effect of a criminal conviction on his application for political asylum, and whether he would do anything, including lie, to remain in the United States. Defendant’s testimony was the only evidence presented in support of his defense. The jury had to determine his and the victim’s credibility. Nevertheless, trial counsel failed to move for or seek a pretrial Sandoval hearing or ruling (see People v Sandoval, 34 NY2d 371 [1974]), at which the Justice Court would have determined if the probative value of the evidence of prior bad acts outweighed its prejudicial effect. Defendant claims that, as a result, he was not afforded the effective assistance of counsel.
Generally, the failure to make a motion that has little or no chance of success does not constitute ineffective assistance (see People v Stultz, 2 NY3d 277, 287 [2004]), and the failure to make a potentially meritorious motion, including one for a pretrial Sandoval hearing, does not necessarily constitute ineffective assistance (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Cox, 146 AD2d 795, 796 [1989]). However, under the circumstances of this case, counsel’s failure to move for a Sandoval hearing or ruling constitutes a single, egregious error that deprived defendant of the effective assistance of counsel (see People v Turner, 5 NY3d 476, 480 [2005]; People v Caban, 5 NY3d 143, 152 [2005]). Measured by an objective standard of reasonableness, a reasonably competent attorney would have moved for a pretrial Sandoval hearing or ruling, and there was no strategic or other legitimate explanation for counsel’s failure to do so (see Strickland v Washington, 466 US 668, 669 [1984]; People v Oathout, 21 NY3d 127, 128 [2013]; People v Turner, 5 NY3d at 480; People v Caban, 5 NY3d at 152; People v Henry, 95 NY2d 563, 566 [2000]). Defendant, “the only available source of testimony in support of his defense” (People v Mandigo, 176 AD2d 386, 387 [1991]), testified without the benefit of a Sandoval ruling (see People v Delgado, 101 AD3d 1144, 1146 [2012]; People v Slide, 76 AD3d 1106, 1106-1108 [2010]; People v Montoya, 63 AD3d 961, 962-963 [2009]; People v Langlois, 265 AD2d *94 683, 684-685 [1999]; People v Mandigo, 176 AD2d at 387). Moreover, a motion to prohibit cross-examination regarding defendant’s illegal entry into the United States and his immigration status was potentially meritorious (see People v Perez, 40 AD3d 1131, 1132 [2007]; People v Perez, 160 AD2d 637, 638 [1990]; People v Torriente, 131 AD2d 793 [1987]; compare People v Bravo, 154 AD2d 690 [1989]; People v Garcia, 146 AD2d 584, 585 [1989]; People v Ortero, 75 AD2d 168, 175 [1980]; but see People v Medina, 281 AD2d 563, 564 [2001]; People v Caicedo, 173 AD2d 630 [1991]). Counsel could not have reasonably determined that it was so unlikely that the Justice Court would have granted a Sandoval hearing that it would have been futile to request it (see People v Heidgen, 22 NY3d 259, 278 [2013]).
We note that defendant’s counsel failed to object to portions of the prosecutor’s summation that were replete with improper comments that vouched for the credibility of the victim and the other prosecution witnesses, repeatedly asserted that defendant was the only one who had a motive to lie, and sought to evoke sympathy for the victim (see People v Pagan, 2 AD3d 879, 880 [2003]; People v Andre, 185 AD2d 276, 278 [1992]; People v Blowe, 130 AD2d 668, 671 [1987]; People v Ortiz, 125 AD2d 502, 503 [1986]; People v Ostrow, 12 Misc 3d 69, 70-71 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also People v Bailey, 58 NY2d 272, 277 [1983]).
In view of the foregoing, we are of the opinion that a new trial is required. In light of our determination, we need not reach defendant’s remaining contentions.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
Nicolai, EJ., Iannacci and Tolbert, JJ., concur.